**07 CV 3706**

jpa\shamrock.rose.nop.
fwb 5/9/07

**JUDGE SAND**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the Matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

                          Petitioner,

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
confirming an arbitration award

                - against -

ROSE REALTY CORP. and TEMPEST
REALTY CORP.,

                       Respondents.

------------------------------------------------------------X

CIVIL ACTION  NO.



PETITION TO CONFIRM
ARBITRATION AWARD

       Petitioner, Shamrock Building Systems, Inc., moves this Court for an order, pursuant to Sections 9 and 13 of Title 9 of the United States Code, for an order confirming the award of the arbitrator in the matter of the arbitration between Shamrock Building Systems, Inc., Petitioner, and Rose Realty Corp. and Tempest Realty Corp., Respondents, which is dated April 26, 2007 and directing that judgment be entered thereon.

       This application is made on the following grounds:

       1.     At all time hereinafter mentioned, Petitioner, Shamrock Building Systems, Inc. (hereinafter "Shamrock"), was a corporation organized under the laws of the State of Georgia and whose principal place of business is located at 5825 Gore Place, Austell, Georgia and was authorized to do business in the State of New York.

2.     At all time hereinafter mentioned, Respondent, Rose Realty Corp. ("Rose"), was a corporation organized under the laws of the State of New York, whose principal place of business was located at 234 East 121st Street, New York, New York.

3.     At all time hereinafter mentioned, Respondent, Tempest Realty Corp. ("Tempest"), was a corporation organized under the laws of the State of New York, whose principal place of business was located at 229 East 120th Street, New York, New York.

4.     The jurisdiction of this Court is based upon Section 9 of Title 9 of the United States Code and Section 1332 of Title 28 of the United States Code. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.     On September 25, 2003, Shamrock, as general contractor, entered into a contract with both Tempest and Rose, as owners, whereby Shamrock agreed to construct a commercial building on contiguous parcels of land, separately owned by Rose and Tempest, on East 121st Street in New York City and for which Shamrock was to be paid the lump sum price of $3,285,000.00 ( hereinafter "Contract"). (A copy of the contract is annexed as Exhibit "1" to the affidavit of Joseph P. Asselta, Esq.)

6.     The Contract evidences a transaction involving commerce within the meaning of 9 U.S.C.A. §§ 1 and 2, as the parties contracted to have Shamrock, a general contractor from the State of Georgia, supply the necessary labor, material and equipment to construct a single commercial building on separate parcels of property located in New York City owned separately by Rose and Tempest.

7.     The Contract contains an arbitration clause in Article 9.10.4, which specifies that the "award of the arbitrator or arbitrators shall be final, and judgment may be entered upon it in

2

accordance with applicable law in any court having jurisdiction thereof."

    8.    A dispute arose relating to Rose's and Tempest's failure to pay Shamrock the agreed price for the work performed by Shamrock which included additional and extra work directed by Rose and Tempest.

    9.    On March 2, 2005, pursuant to Article 9.10.4 of the Contract, Shamrock served a demand for arbitration, to be held in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, upon Rose and Tempest, in addition to other parties not relevant to this proceeding, seeking $650,000.00, plus interest, arbitration costs and attorneys fees. (A copy of the arbitration demand is annexed as Exhibit "2" to the affidavit of Joseph P. Asselta, Esq.)

    10.    On March 21, 2005, Rose and Tempest filed a motion in the Supreme Court of the State of New York, County of New York, seeking a permanent stay of arbitration.

    11.    On May 16, 2006, the Supreme Court of the State of New York, New York County, rendered judgment that ordered Rose and Tempest to proceed to arbitration. (A copy of the Court's judgment is annexed as Exhibit "3" to the affidavit of Joseph P. Asselta, Esq.)

    12.    On August 3, 2006, Rose and Tempest filed counterclaims with the American Arbitration Association, as against Shamrock, which sought damages in excess of $150,000.00, plus interest, costs and attorneys fees. (A copy of the counterclaim is annexed as Exhibit "4" to the affidavit of Joseph P. Asselta, Esq.)

    13.    In accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, John A. Pappalardo, Esq., was appointed as arbitrator to hear and determine the disputes between the petitioner Shamrock and respondents Rose and Tempest

(hereinafter the "Arbitrator").

14.    Upon due notice to the parties, hearings were held by the Arbitrator on November 6, 14, 20, 28 and 29, 2006 and continued on January 29 and February 1, 2007.  At the hearings, the parties were afforded an opportunity to present, and did present, testimony and evidence pertaining to the disputes.

15.    On January 25, 2007, respondents Rose and Tempest filed an amended counterclaim against Shamrock seeking sums in excess of one hundred fifty thousand dollars, plus interest, costs and attorneys fees. (A copy of the amended counterclaim is annexed as Exhibit "5" to the affidavit of Joseph P. Asselta, Esq.)

16.    On April 26, 2007, after having taken the oath prescribed by law and after the parties had duly appeared before him and submitted their proofs, and having considered all of the evidence and arguments submitted by the parties and having come to a decision, the Arbitrator duly made his award in writing, signed and affirmed on April 26, 2007 (the "Award"). (A copy of the Award is annexed as Exhibit "6" to the affidavit of Joseph P. Asselta, Esq.)

17.    The Arbitrator's Award was made in accordance with the terms and conditions of the Contract as well as the Construction Industry Arbitration Rules of the American Arbitration Association, and is in all respects proper.

18.    On May 1, 2007, a copy of the Award was served upon the petitioner Shamrock and respondents Rose and Tempest by the American Arbitration Association.

19.    To date, no application has been made to the Arbitrator for correction of the Award.

20.    To date, no part of the Award has been paid.

4

21.    The Award has not been vacated or modified upon any ground specified in 9 U.S.C.A. §§ 10 or 11.

22.    This application is made within one year after the aforesaid delivery of the Award.

23.    In accordance with Article 9.10.4 of the Contract, the Award should be confirmed in its entirety, and judgment should be entered thereon.

24.    No prior application has been made for the relief requested herein.

25.    This application is based upon the Contract, the Award and the accompanying Affidavit of Joseph P. Asselta, Esq., and the exhibits annexed thereto, which is submitted in support of the instant application.

WHEREFORE, Petitioner Shamrock Building Systems, Inc., prays for an order confirming the arbitrator's award, for entry of judgment in conformity therewith against respondents Rose Realty Corp. and Tempest Realty Corp., jointly and severally, for the sum of $447,502.52, plus nine percent interest (9%) from February 28, 2005, for the costs of arbitration in the sum of $17,331.25 and for such other and further relief as the Court deems just and proper.

Dated:  Mineola, New York
        May 9, 2007

Joseph P. Asselta, Esq. (JPA 0004)
AGOVINO & ASSELTA, LLP
Attorneys for Petitioner
Shamrock Building Systems, Inc.
170 Old Country Road, Suite 608
Mineola, NY  11501
(516) 248-9880

5

TO:    AGULNICK & GOGEL, LLP
       Attorneys for Respondents
       321 Broadway, 2nd Floor
       New York, NY  10007
       (212) 233-9500