jpa\shamrock.rose.mol.
fwb 5/9/07

**07 CV 3706**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In the Matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

      Petitioner,

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
confirming an arbitration award

   - against -

ROSE REALTY CORP. and TEMPEST
REALTY CORP.,

      Respondents.

-----------------------------------------------------------X

CIVIL ACTION NO.

**JUDGE SAND**

===

MEMORANDUM OF LAW IN SUPPORT OF PETITION
TO CONFIRM ARBITRATION AWARD

===

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of petitioner Shamrock Building Systems, Inc. ("Shamrock") in support of Shamrock's petition to confirm an arbitration award dated April 26, 2007. The factual basis for Shamrock's petition is set forth in the accompanying affidavit of Joseph P. Asselta, Esq., and will only be repeated as necessary.

## POINT I

## JURISDICTION

The instant application before the Court seeks confirmation of an arbitration award pursuant to the Federal Arbitration Act. Section 9 of the Federal Arbitration Act specifically provides that if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and if no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. 9 U.S.C.A. § 9. Article 9.10.4 of the construction agreement underlying this action (the "Contract"), states "the award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

As set forth in the accompanying affidavit of Joseph P. Asselta, Esq., this Court has diversity jurisdiction under 28 U.S.C.A. § 1332, by reason of the fact that petitioner, Shamrock, is a Georgia corporation, and respondents Rose Realty Corp. ("Rose") and Tempest Realty Corp. ("Tempest"), are New York corporations. Section 1332 of Title 28 of the United States Code provides as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-

(1) citizens of different States;

Moreover, the arbitration award that Shamrock seeks to confirm is in excess of $500,000, which exceeds the jurisdictional limit for diversity jurisdiction under 28 U.S.C.A. § 1332. Thus, there is complete diversity between petitioner and respondents, and the amount in controversy exceeds the jurisdictional limits for diversity jurisdiction.

In addition, as the Contract at issue in the instant action clearly involves a transaction involving commerce within the meaning of 9 U.S.C.A. § 2, Shamrock is entitled to invoke the remedies created by Section 9 of the Federal Arbitration Act. <u>Waveform Telemedia, Inc. v. Panorama Weather North America</u>, 2007 WL 678731 (S.D.N.Y. 2007); <u>Dorn v. Dorn's Transp., Inc.</u>, 562 F.Supp. 822, 824 (S.D.N.Y.1983). It is indisputable that the Contract at issue in the instant action affects interstate commerce within the meaning of 9 U.S.C.A. § 2, as the parties contracted to have Shamrock, a general contractor from the State of Georgia, supply the necessary labor, material and equipment to construct a single multi-million dollar commercial building on adjoining parcels of land located in New York City that were separately owned by Rose and Tempest.

In fact, based on facts strikingly similar to those underlying this action, the Court in <u>Sears Roebuck & Co. v. Glenwal Co.</u>, 325 F.Supp. 86, 89 (S.D.N.Y. 1970), <u>aff'd.</u>, 442 F.2d 1350 (2nd Cir. 1971), held that a contract between a general contractor from New Jersey and an owner from Illinois, involving the construction of a multi-million dollar shopping center in New York, clearly affected commerce within the meaning of Federal Arbitration Act. In light of the foregoing, this Court has jurisdiction to confirm the instant arbitration award.

## POINT II

## THE ARBITRATION AWARD SHOULD BE CONFIRMED

It is well settled that arbitration awards are subject to very limited review by courts in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation. Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2nd Cir. 1993). It is also settled that an arbitration award is entitled to substantial deference, and that a district court's review is narrowly circumscribed. Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc., 126 F.3d 15, 23 (2nd Cir. 1997). In fact, as the Second Circuit has stated, "an arbitrator's decision is entitled to substantial deference, and the arbitrator need only explicate his reasoning under the contract in terms that offer even a barely colorable justification for the outcome reached in order to withstand judicial scrutiny." In re Marine Pollution Serv., Inc., 857 F.2d 91, 94 (2nd Cir. 1988).

In accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, an arbitrator was appointed to hear and determine the disputes between the petitioner Shamrock and respondents Rose and Tempest. Hearings were held by the arbitrator and the parties were afforded an opportunity to present, and did present, testimony and evidence pertaining to the disputes. Thereafter, upon considering all of the evidence and arguments submitted by the parties, the arbitrator duly made his award in writing, which he signed and affirmed on April 26, 2007. The arbitrator's award was made in accordance with the terms and conditions of the Contract as well as the Construction Industry Arbitration Rules of the American Arbitration Association, and is in all respects proper. Thus, the arbitrator's award should be given substantial deference and should be confirmed in its entirety. International

Chemical Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 45 (2nd Cir. 1985); Ottley v. Schwartzberg, 819 F.2d 373, 377 (2nd Cir.1987) (Only clear evidence of impropriety justifies denial of summary confirmation of an arbitration award.); In re Arbitration Between Atherton and Online Video, 274 F.Supp.2d 592, 594 (S.D.N.Y. 2003) (Court must grant arbitrator's decision great deference).

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Shamrock Building Systems, Inc.'s petition for an order confirming the arbitrator's award and for entry of judgment in conformity therewith against respondents Rose Realty Corp. and Tempest Realty Corp., jointly and severally, for the sum of $447,502.52, plus nine percent interest (9%) from February 28, 2005 and for the costs of arbitration in the sum of $17,331.25, be granted in its entirety.

Dated: Mineola, New York
      May 9, 2007

                                        Joseph P. Asselta, Esq. (JPA 0004)
                                        AGOVINO & ASSELTA, LLP
                                        Attorneys for Petitioner
                                        Shamrock Building Systems, Inc.
                                        170 Old Country Road, Suite 608
                                        Mineola, NY  11501
                                        (516) 248-9880

TO:    AGULNICK & GOGEL, LLP
          Attorneys for Respondents
          321 Broadway, 2nd Floor
          New York, NY  10007
          (212) 233-9500