jpa\shamrock.rose.nop.aff.
fwb 5/09/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In the Matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

                       Petitioner,

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
confirming an arbitration award

               - against -

ROSE REALTY CORP. and TEMPEST
REALTY CORP.,

                       Respondents.
-------------------------------------------------------------X

07 CV 3706

CIVIL ACTION NO. JUDGE SAND

AFFIDAVIT IN SUPPORT OF
PETITION TO CONFIRM
ARBITRATION AWARD

STATE OF NEW YORK   )
                               )ss:
COUNTY OF NASSAU    )

       Joseph P. Asselta, being duly sworn, deposes and says:

       1.       I am a member of Agovino & Asselta, LLP, attorneys for petitioner, Shamrock Building Systems, Inc. ("Shamrock"). As such, I am fully familiar with the facts and circumstances set forth herein. I make this affirmation in support of Shamrock's instant petition to confirm an arbitration award in its favor rendered against Respondents Rose Realty Corp. and Tempest Realty Corp.

       2.       Shamrock is a corporation organized under the laws of the State of Georgia, whose principal place of business is located at 5825 Gore Place, Austell, Georgia, and is

authorized to do business in the State of New York.

3. Upon information and belief, Respondent, Rose Realty Corp. ("Rose"), is a corporation organized under the laws of the State of New York, whose principal place of business is located at 234 East 121st Street, New York, New York.

4. Upon information and belief, Respondent, Tempest Realty Corp. ("Tempest"), is a corporation organized under the laws of the State of New York, whose principal place of business is located at 229 East 120th Street, New York, New York.

5. The jurisdiction of this Court is based upon Section 9 of Title 9 of the United States Code and Section 1332 of Title 28 of the United States Code. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. On or about September 25, 2003, Shamrock, as general contractor, entered into a contract with both Tempest and Rose, as owners, whereby Shamrock agreed to construct a commercial building on contiguous parcels of land, separately owned by Rose and Tempest, on East 121st Street in New York City, for which respondents agreed to pay Shamrock the lump sum price of $3,285,000.00 ( hereinafter referred to as the "Contract"). (A copy of the Contract is annexed hereto as Exhibit "1").

7. After the Contract was executed, Shamrock diligently performed its work thereunder, and performed additional and extra work at the specific instance and direction of Rose and Tempest.

8. Rose and Tempest, however, failed to pay Shamrock the full contract price and also failed to pay Shamrock for any of the additional and extra work it had performed on the project.

9. The Contract clearly evidences a transaction involving commerce within the meaning of 9 U.S.C.A. §§ 1 and 2, as Shamrock and Rose and Tempest contracted to have the Shamrock, a general contractor from the State of Georgia, supply the necessary labor, material and equipment to construct a single commercial building on the adjoining parcels of property in New York City which are separately owned by Rose and Tempest.

10. A dispute arose relating to Rose's and Tempest's failure to pay Shamrock the agreed price and value of the work performed by Shamrock, which included additional and extra work directed by Rose and Tempest.

11. On March 2, 2005, pursuant to Article 9.10.4 of the Contract, Petitioner, Shamrock, serve a demand for arbitration, to be held in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, upon respondents, Rose and Tempest, and other parties not relevant to this proceeding.[1]  Shamrock sought payment of $650,000.00, plus interest, arbitration costs and attorneys fees. (A copy of the arbitration demand is annexed hereto as Exhibit "2").

12. On March 21, 2005, Rose and Tempest filed a motion in the Supreme Court of the State of New York, County of New York, seeking a permanent stay of arbitration.

13. On May 16, 2006, the Supreme Court of the State of New York, New York County, rendered judgment that ordered respondents Rose and Tempest to proceed to arbitration. (A copy of the Court's judgment is annexed hereto as Exhibit "3").

---

[1] In addition to serving its arbitration demand on respondents Rose and Tempest, Shamrock also sought arbitration against Daniel Moloney, individually, as a principal of Rose and Tempest, and also upon Liffey Van Lines Inc.  Pursuant to the judgment of the Supreme Court of the State of New York, New York County, dated May 16, 2006, neither Daniel Moloney nor Liffey Van Lines Inc., were compelled to arbitrate any of petitioner's claims.

14. On August 3, 2006, respondents Rose and Tempest filed counterclaims with the American Arbitration Association against Shamrock seeking sums in excess of $150,000.00, plus interest, costs and attorneys fees. (A copy of the counterclaims are annexed hereto as Exhibit "4").

15. In accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, John A. Pappalardo, Esq., was appointed as arbitrator to hear and determine the disputes between the petitioner Shamrock, and respondents Rose and Tempest (hereinafter the "Arbitrator").

16. Upon due notice to the parties, hearings were held by the Arbitrator on November 6, 14, 20, 28 and 29, 2006, as well as on January 29 and February 1, 2007, at which time the parties were afforded an opportunity to present, and did present, testimony and evidence pertaining to the disputes.

17. On January 25, 2007, respondents Rose and Tempest filed an amended counterclaim against Shamrock seeking sums in excess of one hundred fifty thousand dollars, plus interest, costs and attorneys fees. (A copy of the amended counterclaim is annexed hereto as Exhibit "5").

18. On April 26, 2007, after having taken the oath prescribed by law, and after the parties had duly appeared before him and submitted their proofs, and having considered all of the evidence and arguments submitted by the parties and having come to a decision, the Arbitrator duly made his award in writing, signed and affirmed on April 26, 2007 (the "Award"). The Award of the Arbitrator determined that Rose and Tempest are responsible, jointly and severally, to Shamrock in the sum of $447,502.52, plus nine percent interest (9%) from February 28, 2005.

(A copy of the Award is annexed hereto as Exhibit "6").

19. The Award further determined that the administrative fees of the American Arbitration Association (Association) totaling $10,750.00 and the compensation of the Arbitrator totaling $17,662.50 shall be borne solely by Rose and Tempest and that Rose and Tempest shall pay Shamrock the additional sum of $17,331.25 representing amounts Shamrock previously advanced to the Association. The Arbitrator concluded his Award, holding that it is in "full settlement of all claims and claims not appearing in the above award are denied. This award is in full settlement of all claims and counterclaims submitted to this arbitration." (See Exhibit "6" annexed hereto).

20. The Arbitrator's Award was made in accordance with the terms and conditions of the Contract, as well as the Construction Industry Arbitration Rules of the American Arbitration Association and is in all respects proper.

21. On May 1, 2007, a copy of the Award was served upon petitioner Shamrock, and the respondents Rose and Tempest by the American Arbitration Association.

22. To date, no application has been made to the Arbitrator for correction of the Award.

23. To date, no part of the Award has been paid.

24. The Contract contains an arbitration clause in Article 9.10.4 which specifies that the "award of the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

25. The Award has not been vacated or modified upon any ground specified in 9 U.S.C.A. §§ 10 or 11.

26. This application is made within one year after the aforesaid delivery of the Award.

27. In accordance with Article 9.10.4 of the Contract, the Award should be confirmed in its entirety, and judgment should be entered thereon.

28. No prior application has been made for the relief requested herein.

Dated: Mineola, New York
May 9, 2007

*[signature]*
Joseph P. Asselta, Esq. (JPA 0004)
AGOVINO & ASSELTA, LLP
Attorneys for Petitioner
Shamrock Building Systems, Inc.
170 Old Country Road, Suite 608
Mineola, NY 11501
(516) 248-9880

Sworn to before me this
9th day of May, 2007

*[signature]*
Notary Public

Frank W. Brennan
Notary Public, State of New York
No. 02BR6110960
Qualified in Queens County
Commission Expires June 1, 20__

TO: AGULNICK & GOGEL, LLP
Attorneys for Respondents
321 Broadway, 2nd Floor
New York, NY 10007
(212) 233-9500