**Exhibit 4**

American Arbitration Association
Construction Industry Arbitration Rules
Demand for Arbitration - Counterclaim

TO:   Shamrock Building Systems, Inc. - Claimant
      c/o Agovino & Asselta, LLP - Representative
      170 Old Country Road - Suite # 608
      Mineola, New York 11501
      (516) 248-9880   fax (516) 248-9879

FROM: Rose Realty Corp. and Tempest Realty Corp. - Respondents
      c/o Agulnick & Gogel, LLC - Representative
      321 Broadway - 2nd Floor
      New York, New York 10007
      (212) 233-9500  fax (212) 693-1666

THE RESPONDENTS, DETERMINED BY ORDER OF THE SUPREME COURT: NEW YORK COUNTY, TO BE PARTIES TO A WRITTEN AGREEMENT PROVIDING FOR ARBITRATION UNDER THE CONSTRUCTION INDUSTRY ARBITRATION RULES, HEREBY DEMANDS ARBITRATION THEREUNDER UPON THE ANNEXED COUNTERCLAIM.

Nature Of Dispute: The Respondent alleges that the Claimant has failed, refused and neglected to repair the leaking front wall on the second floor, the roof leak on the front of the building; failed to replace the defective overhead doors; failed to install doors adjoining the basement; failed, refused and neglected to complete required electrical work; failed, neglected and refused to hook-up warehouse fans; failed, neglected and refused to hook-up the generator in the warehouse; failed, neglected and refused to join all floors to the adjacent Liffey Building resulting in damages and prospective costs in the sum of two hundred thousand ($150,000.00) dollars; the Claimant, Shamrock Building Systems, Inc. failed to pay its subcontractors who have placed mechanics liens upon the premises in question, to wit CSC of NY, Inc. in the amount of four thousand ($4,000.00) dollars; Dember Construction in the sum of thirty thousand two hundred and sixty five thousand and thirty cents ($30,265.30); Capital Fire Sprinkler Co. in the amount of fourteen thousand six hundred twelve dollars and thirty one cents ($14,612.31); and Tailored Roofing, Inc. in the amount of six thousand eight hundred forty four dollars and forty cents ($6,844.40); R.P. Decking, Ltd. in the sum of twenty four thousand five

hundred ($24,500.00) dollars; and it has failed to pay other subcontractors who have not filed mechanics liens.

Dollar Amount of Claim:    $ 150,000.00

Other Relief Sought:  An Order directing Claimant to discharge the pending mechanics liens; interest, arbitration costs and attorneys fees.

Qualifications for Arbitrators to be appointed to hear this dispute:  An attorney with experience in the construction industry.

Claimant is the Contractor.

Respondent:  Rose Realty Corp. is the Owner.  Tempest Realty Corp. leased a portion of the real property in question to the Respondent, Rose Realty Corp. and should not have been named as a party to the arbitration agreement.

Estimated time needed for hearings average - 2 days

Copies of this Counterclaim are being filed with the American Arbitration Association at its East Providence, Rhode Island office.  Respondent requests that the AAA administer this Arbitration Counterclaim.  Under the rules, you may file an adversary statement within ten (10) days after notice from the AAA.

Claimant requests that the Arbitration Hearing be held at the following locale:  New York, New York.

Rose Realty Corp.

By _____
　　Daniel Moloney
　　President

Date: August 3, 2006

Tempest Realty Corp.

By _____
　　Daniel Moloney
　　President

Date: August 3, 2006

Name of Respondent-Counterclaimants: Rose Realty Corp. and Tempest Realty Corp.
　　Address:　　234 East 121st Street
　City:　New York　　State: New York　　Zip Code: 10035
　　Phone: (212) 410-3500
　　Fax:　(212) 410-5186

Name of Representative:　Agulnick & Gogel, LLC
　　Address:　　321 Broadway
　City:　New York　　State: New York　　Zip Code: 10007
　　Phone: (212) 233-9500
　　Fax:　(212) 693-1666

**9.10.2** If a claim, dispute or other matter in question relates to or is the subject of a mechanic's lien, the party asserting such matter may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the matter by the Architect, by mediation or by arbitration.

**9.10.3** The parties shall endeavor to resolve their disputes by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

**9.10.4** Claims, disputes and other matters in question arising out of or relating to the Contract that are not resolved by mediation, except matters relating to aesthetic effect and except those waived as provided for in Paragraph 9.11 and Subparagraphs 14.5.3 and 14.5.4, shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof. Except by written consent of the person or entity sought to be joined, no arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, any person or entity not a party to the Agreement under which such arbitration arises, unless it is shown at the time the demand for arbitration is filed that (1) such person or entity is substantially involved in a common question of fact or law, (2) the presence of such person or entity is required if complete relief is to be accorded in the arbitration, (3) the interest or responsibility of such person or entity in the matter is not insubstantial, and (4) such person or entity is not the Architect or any of the Architect's employees or consultants. The agreement herein among the parties to the Agreement and any other written agreement to arbitrate referred to herein shall be specifically enforceable under applicable law in any court having jurisdiction thereof.

**9.11    CLAIMS FOR CONSEQUENTIAL DAMAGES**
The Contractor and Owner waive claims against each other for consequential damages arising out of or relating to this Contract. This mutual waiver includes:

.1 damages incurred by the Owner for rental expenses, for losses of use, income, profit, financing, business and reputation, and for loss of management or employee productivity or of the services of such persons; and

.2 damages incurred by the Contractor for principal office expenses including the compensation of personnel stationed there, for losses of financing, business and reputation, and for loss of profit except anticipated profit arising directly from the Work.

This mutual waiver is applicable, without limitation, to all consequential damages due to either party's termination in accordance with Article 19. Nothing contained in this Paragraph 9.11 shall be deemed to preclude an award of liquidated direct damages, when applicable, in accordance with the requirements of the Contract Documents.

**ARTICLE 10 SUBCONTRACTORS**
**10.1** A Subcontractor is a person or entity who has a direct contract with the Contractor to perform a portion of the Work at the site.

---

*This Document includes abbreviated General Conditions and should not be used with other general conditions.*

THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES. CONSULTATION WITH AN ATTORNEY IS ENCOURAGED WITH RESPECT TO ITS COMPLETION OR MODIFICATION. AUTHENTICATION OF THIS ELECTRONICALLY DRAFTED AIA DOCUMENT MAY BE MADE BY USING AIA DOCUMENT D401.

*This document has been approved and endorsed by The Associated General Contractors of America.*



©1997 AIA®

AIA DOCUMENT A107 - 1997
ABBREVIATED OWNER - CONTRACTOR AGREEMENT

The American Institute of Architects
1735 New York Avenue N.W.
Washington, D.C. 20006-5292

© 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, © 1997 by The American Institute of Architects. Reproduction of the material herein or substantial quotation of its provisions without written permission of the AIA violates the copyright laws of the United States and will subject the violator to legal prosecution. WARNING: Unlicensed photocopying violates US copyright laws and will subject the violator to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced in accordance with your license without violation until the date of expiration as noted below. User Document: newyork.aia -- 9/25/2003. AIA License Number 1017077, which expires on 9/9/2004.

9