UNITED STATES SUPREME COURT
SOUTHERN DISTRICT OF NEW NEW YORK
-------------------------------------------------------------X

In the matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

                        Petitioner,

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
Confirming an arbitration award

    -against-

ROSE REALTY CORP. and TEMPEST
REALTY CORP.

                        Respondents.

-------------------------------------------------------------X

**CIVIL ACTION NO.
07CV3706(LBS)**

**NOTICE OF CROSS
PETITION TO MODIFY OR
VACATE ARBITRATION
AWARD**

      PLEASE TAKE NOTICE THAT on the award of the Arbitrator in the arbitration proceeding between Petitioner, Shamrock Building Systems, Inc. and the Respondents, Rose Realty Corp. and Tempest Realty Corp., dated April 26, 2007, the affidavit of William A. Gogel, Attorney for Respondents, duly sworn to on the 30Th day of May, 2007, and upon all the proceedings had herein, the Respondents, Rose Realty Corp. and Tempest Realty Corp. *shall* cross-move this court at the United States Courthouse, 500 Pearl Street, New York, New York on the 6th day of June 2007, at 12:00 noon, or as soon thereafter as counsel can be heard, pursuant to Title 9 of the United States Code, Sections 9 and 13 for an order;

      1. Modifying or vacating the award;

      2. Vacating the award in its entirety as to Respondent, Tempest Realty Corp., or in the alternative;

3. Directing a rehearing before the arbitration, and;

4. Granting Petitioner such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that pursuant to Rule 6.1(b) of the Local Rules of the United States District Court for the Southern District of New York, answering papers, if any, are required to be served upon the undersigned ten days from the receipt of the Notice of Petition, Petition and Affidavit in Support of Petition.

Dated: New York, New York

May 30, 2007

Yours, etc.

AGULNICK & GOGEL, LLC
Attorneys for Respondents
321 Broadway, 2nd Floor
New York, New York 10007
(212) 233-9500

By_____
William A. Gogel (WG-3271)

TO:
AGOVINO & ASSELTA, LLP
Attorneys for Petitioner
Shamrock Building Systems, Inc.
170 Old Country Road, Suite 608
Mineola, NY 11501
(516) 248-9880

UNITED STATES SUPREME COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

                          Petitioner,

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
Confirming an arbitration award

      -against-

ROSE REALTY CORP. and TEMPEST
REALTY CORP.

                          Respondents.
------------------------------------------------------------X

**CIVIL ACTION NO.
07CV3706(LBS)**

**CROSS PETITION TO
MODIFY OR VACATE
ARBITRATION AWARD**

      The Respondent's Rose Realty Corp. and Tempest Realty Corp. Cross-Move this Court for an Order modifying or vacating the award of the arbitrator dated April 26, 2007; vacating the award in its entirety as to Respondent, Tempest Realty Corp., or in the alternative, directing a rehearing before the arbitrator, in the matter of the arbitration between Shamrock Building Systems, Inc., Petitioner, and Rose Realty Corp. and Tempest Realty Corp.

      The grounds for this cross-petition and application are as follows:

      1.     At all time hereinafter mentioned, Respondent, Rose Realty Corp. ("Rose"), was a corporation organized under the laws of the State of New York, whose principal place of business was located at 234 East 121st Street, New York, New York.

2. At all time hereinafter mentioned, Respondent, Tempest Realty Corp. ("Tempest"), was a corporation organized under the laws of the State of New York, whose principal place of business was located at 229 East 120th, New York, New York.

3. Upon information and belief, Petitioner, Shamrock Building Systems, Inc. (hereinafter "Shamrock"), was a corporation organized under the laws of the State of Georgia and whose principal place of business is located at 5825 Gore Place, Austell, Georgia and was authorized to do business in the State of New York.

4. The jurisdiction of this Court is based upon Section 9 of Title 9 of the United States Code and Section 1332 of Title 28 of the United States Code. The amount in controversy, exclusive interest and costs, exceeds $75,000.00.

5. The A.I.A. Contract with respect to the construction project at 234 East 120th Street, New York, New York was dated September 25, 2003. Said contract did not set forth the name of the owner of the project and has a blank space as to the name of the project owner. See copy of contract annexed as Exhibit "1" to the affidavit of Petitioners Counsel, Joseph P. Asselta.

6. The Respondent's principal, Daniel Maloney, signed the aforementioned AIA Contract when he was hospitalized in Columbia Presbyterian Hospital from the complications of open heart surgery; while he was on heavy sedative medication; while he was barely conscious and when he was alone with Petitioner's principal, Seamus Burke.

7. The Respondent's principal, Daniel Moloney, had no recollection that he had signed the AIA contract while in the hospital. His signature on the contract did not set forth that he had signed in any representative capacity.

8. Said contract provided that claims and disputes were to be decided by arbitration before the American Arbitration Association.

9. On or about, March 2, 2005, Petitioner, filed a demand for Arbitration against Daniel Moloney, Liffey Van Lines, Inc., Tempest Realty Corp, Rose Realty Corp. and Allied Van Lines, Inc.

10. Respondents, Rose Realty Corp., Tempest Realty Corp., along with Liffey Van Lines, Inc. and Daniel Moloney, filed a proceeding in the Supreme Court: New York County, Index # 103922/05 for an Order to Stay The Arbitration and for a determination as to which parties agreed to arbitrate.

11. The aforementioned matter was referred to Special Referee, Louis Crespo, who determined that the only party subject to the terms of the AIA agreement was Respondent, Rose Realty Corp. See Respondent's Exhibit "A".

12. The Hon. Kibbie Payne, Justice of the Supreme Court modified Special Referee, Louis Crespo's recommendation to require both Rose Realty Corp. and Tempest Realty Corp. to participate in the arbitration. See Judgement annexed as Exhibit "3" to the affidavit of Petitioner's Counsel, Joseph P. Assalta.

13. On August 3, 2006, Rose and Tempest filed counterclaims with the American Arbitration Association, as against Shamrock, which sought damages in excess of $150,000.00 plus interest, costs and attorneys fees. (A copy of the counterclaim is annexed as Exhibit "4" to the affidavit Joseph P. Asselta, Esq.)

14. John A. Pappalardo, Esq., (hereinafter the: arbitrator" was appointed as arbitrator and determine the disputes between the Petitioner, Shamrock, and the Respondents, Rose and Tempest.

15. With the consent of the Arbitrator, on January 25, 2007, Respondent's Rose and Tempest filed an Amended Counterclaim with the American Arbitration Association, as against Shamrock, which sought damages in excess of $150,000.00, a discharge of mechanics liens and a $100.00 per day penalty for failure to complete the work on time. See amended counterclaim annexed as Exhibit "5" to the affidavit of Petitioner's Counsel, Joseph P. Asselta.

16. On April 26, 2007, after several trial sessions, the Arbitration made his award in writing. A copy of the award is annexed as Exhibit "6" to the affidavit of Joseph P. Asselta, Esq.)

17. The Arbitrator's Award was not made in accordance with the terms and conditions of the Contract as well as the Construction Industry Arbitration Rules on the American Arbitration Association, and was contrary to the facts and evidence adduced at trial.

18. The Award of the Arbitration should be vacated pursuant to a U.S.C.A. section 10(a) as there was evident partiality by the Arbitrator and because the Arbitrator imperfectly executed his powers.

19. The award should be vacated and pursuant to § U.S.C.A. section 10(b), the Court should direct a rehearing by the Arbitrator.

20. The Award of the Arbitrator should be vacated pursuant to a § U.S.C.A. Section 11(a), as there was an evident material miscalculation of figures and an evident mistake in the description of the persons to be referred to in the award; the court can modify and correct the award to promote justice between the parties.

21. The application is made within one year after the aforesaid delivery of the Award.

22. No prior application has been made for the relief requested herein.

23. This application is based upon the Contract, the Award and the accompanying affidavit of William A. Gogel, Esq., and the exhibits annexed thereto, which is submitted in support of the instant cross-petition.

WHEREFORE, Respondent's Rose Realty Corp. and Tempest Realty Corp. respectfully pray for an Order modifying or vacating the Award of the Arbitrator dated April 26, 2007; vacating the award in its entirety as to Respondent, Tempest Realty Corp., or in the alternative for an Order directing a rehearing before the Arbitrator, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
     May 30, 2007

Yours, etc.
AGULNICK & GOGEL, LLC
Attorneys for Respondents
321 Broadway, 2nd Floor
New York, New York 10007
(212) 233-9500

By _____
William A. Gogel (WG-3271)

Index No.                                    Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMROCK BUILDING SYSTEMS, INC.,

                                            Petitioner,

-against-

ROSE REALTY CORP. and TEMPEST
REALTY CORP.,

                                            Respondents.

---

**NOTICE OF CROSS-PETITION TO
MODIFY OR VACATE ARBITRATION AWARD**

---

Signature (Rule 130-1.1-a)

Print name beneath    William A. Gogel

**AGULNICK & GOGEL, LLC**
*Attorneys for*

*Office and Post Office Address, Telephone*
321 BROADWAY, 2ND FLOOR
NEW YORK, N.Y. 10007
212-233-9500
FAX (212) 693-1666

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

..............................................
Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.
**AGULNICK & GOGEL, LLC**
*Attorneys for*

*Office and Post Office Address*
321 BROADWAY, 2ND FLOOR
NEW YORK, N.Y. 10007

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on                         M.
at
Dated,

Yours, etc.
**AGULNICK & GOGEL, LLC**
*Attorneys for*

*Office and Post Office Address*
321 BROADWAY, 2ND FLOOR
NEW YORK, N.Y. 10007

To

Attorney(s) for