UNITED STATES SUPREME COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

                Petitioner,

**CIVIL ACTION NO.
07CV3706(LBS)**

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
Confirming an arbitration award

 -against-

ROSE REALTY CORP. and TEMPEST
REALTY CORP.

                Respondents.

------------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF CROSS-PETITION
TO VACATE OR MODIFY THE ARBITRATION AWARD**

---

Respectfully submitted,
AGULNICK & GOGEL, LLC
Attorneys for Respondents
321 Broadway, 2nd Floor
New York, New York 10007
(212) 233-9500

By _/s/ William A. Gogel_
    William A. Gogel (WG-3271)

## **PRELIMINARY STATEMENT**

This memorandum of law is submitted on behalf of Respondent's Rose Realty Corp. and Tempest Realty Corp. in opposition to Shamrock's petition to confirm an arbitration award dated April 26, 2007 and in support of Respondent's cross-motion to vacate or modify said award. Respondents cross-petition is set forth in the accompanying affidavit of William A. Gogel, Esq.

### POINT I

### THE ARBITRATION AWARD SHOULD BE VACATED OR MODIFIED OR A RE-HEARING SHOULD BE ORDERED.

Pursuant to 9 U.S.C.A. section 10, the District Court may make an Order vacating an Arbitration award upon the application of any party to the Arbitration "where there was evident partiality" by the arbitrator (9 U.S.C.A. 10 (a) (2)); "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual final and definite award upon the subject matter was not made". In addition, the Court in its discretion may direct a re-hearing by the arbitrator.

Pursuant to 9 U.S.C.A. section 11, The District Court may modify or correct an award "where there was an evident miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award (9 U.S.C.A. section 11(a)) or "where the award is imperfect in matter of form not affecting the merits of the controversy" (9 U.S.C.A. section 11(c)) and the Court "may modify and correct the award, so as to effect the intent thereof and promote justice between the parties:

That the award did not do justice to Respondent, Tempest Realty Corp. There was absolutely no testimony from either party to the arbitration proceeding to indicate that (1) Tempest Realty Corp agreed to be subject to the arbitration proceeding or (2) that Tempest had any contractual relationship whatsoever with Shamrock or (3) that Tempest has any liability whatsoever to Shamrock and (4) that Tempest had any participation or role in the construction project at 234 East 120th Street, New York, New York.

The Court has the discretion to vacate the award against Tempest to promote justice between the parties. Sociedad Armadora Aristomenis Panama, S.A. v. Tri-Coast S.S. Co., S.D.N.Y. 1960, 184 F. Supp. 738.

In determining whether then is an undisputed mistake of fact, so that the arbitrator's award may be set aside, the court should look to see whether there is any factual basis for disputing the truth of the fact. Valentine Sugars, Inc. v. Donau Corp. C.A.5 1993, 981 F2d 210, Certiurari denied 113 S. Ct. 3039, 509 U.S. 923.

Here it is undisputed that not one witness linked Respondent Tempest Realty Corp to the construction project in question.

Similarly the Arbitrator made no mention of Respondent's counterclaim for credits for their payment to Petitioner's subcontractor, CTB Mechanical Corp. in the sum of $143,771.00; no mention of the liquidated damages payable to the Respondents due to Petitioner's failure to complete the work with 150 days as provided for in Article 2.3 of the Contract; no mention of Respondents proof that only the Petitioner could have applied for sales tax relief for this "Enterprise Zone" project; and no mention of the remaining work to be repaired. No contractual provision nor statute provided for award of counsel fees to the Petitioner.

Where a material miscalculation by the arbitrator is evident upon the face of the award (by their absence), the Court has the power to remard the case for further proceedings and for further findings. Laurin Tankers America, Inc. v. Stolt Tankers, Inc, S.D.N.Y. 1999, 36 F. Supp. 2nd 645. Further, an award may be modified or corrected where there is an evident miscalculation Cal-Circuit Arbo, Inc v. Solbourne Computer, Inc., D. Colo. 1994, 848 F. Supp. 1506.

These were not merely erroneous findings of fact, but such errors were completely irrational and should be corrected. UCO Terminals, Inc v. Apex Oil Co., S.D.N.Y. 1984, 583 F. Supp. 1213, affirmed 751 F.2d 371. This Court has the power to rewand the arbitrator's award for clarification if it determines the award is ambiguous or incomplete. Lanier v. Old Republic Ins. Co., M.D.ALA. 1996, 936 F.Supp. 839.

The Petitioner was awarded the sum of $366,969.53 for "Extra's" based upon alleged change Orders. The Contract AIA provided that Change Orders must be in writing signed by the owner, contractor and architect. See Contract Article 12.

Having failed to secure a written order for claimed work charges and extras, New York Courts have barred for any claimed recovery by contractors. Albert Saggese, Inc. v. Town of Hempstead: 100 AD2d885, 474NYS2d542

The New York Courts have determined that the ultimate guide in determining whether or not the contractor is to be paid for the extra work is the Contract itself. Kuhs v. Flower City Tissue Mills, Co., 104 MISC243, 189APPDIV539, Aff'd 231NY637.

Whereas some courts have allowed oral directions to modify a Contract provision requiring written authorization, see Barsutti, Inc. v. Consolidated Edison of New York, 254AD2d211, that case is not applicable as Respondents Daniel Moloney and other

witnesses testified that no such oral directive existed. In fact, even Petitioner's principal, Seamus Burke, acknowleged that Danny Moloney testified that he would now allow any extra work that cost any additional monies.

The Courts "have held that purpose of compelling the contractor to furnish written notice and to prevent oral modification---is to obviate any issue go to the credibility of either the contractor or the [Agent] as to what was or was not said by either of them" Huff Enterprises, Inc. v. Triborough Bridge and Tunnel Authority, 191AD2d314, 595NYS2d178.

In the absence of finding that a Contract was breached between the owner and general contractor, the general contractor may not recover in quantum meruit. Larose v. Backer, 11AD2d314, 203NYS2d740. Recovery in quantum meruit is available only if the Contract shows that the Contract was repudiated or waived by the other party. Abinet v. Mediavilla, 5 AD2d679. See also Hickman v. Leary, 255AppDiv733. For these reasons, quantum meruit as a basis on award to the Claimant would be improper.

In the case at bar, the conduct of the owner, and his specific statements confirm that it did not waive the written Change Order requirement and did not modify the Contract to allow oral approval of extra work.

Where there is a scarcity of federal cases in point, state practice would be considered in construing 9 U.S.C.A. section 10 and 11. Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales, Corp., S.D.N.Y. 1959, 184 F. Supp.116, affirmed 274 F. 2d 805, Certiurari denied 80 S.Ct. 1612, 363 U.S. 843.

The arbitrator palpable mistake of facts, if not made would have resulted in a different award. For this reason the award can be set aside. Gramling v. Food Manufacturing & Chemical Corp., W.D.S.C.1957, 151 F. Supp. 853.

When rational grounds for an arbitrator's decision can be inferred from the facts of a case, the award should be confirmed. Huntsville Golf Development, Inc. v. Brindley Const. Co. Inc., N.D. ALA 1992, 847 F. Supp. 1551. Here no rational support can be inferred to the arbitrator's award.

In light of respondent's allegations, the Court is required to make is own independent evaluation and need not defer to the Arbitrator. Transmarine Seaways Corp of Monrovia v. Marc Rich & Co., S.D.N.Y. 1979, 480 F. Supp. 352

This is not a case where the court can either agree or disagree with the reasoning of the arbitrator. Application of States Marine Corp. of Delaware, S.D.N.Y. 1954, 127 F. Supp. 943, as the arbitrator's decision is totally deficient in his failure to give any explanation for his complete denial of Respondent's counterclaim and Petitioner's claim for credit for payment of $143.00 to subcontractor, CTB Mechanical Corp.

The decision and award of the Arbitrator was completely irrational and evidences a manifest disregard for the law. It must therefore be set aside. Lee v. Chica, C.A.8 (MINN) 1983, 983 F. 2d 883, re-hearing denied, Certiurari: denied, 114 S. Ct. 287, 510 U.S. 906. The award must be vacated where this is an evident miscalculation of figures and disregard of law. Household Mfg, Inc. v. Kowin Development Corp. N.D.ILL 1993, 822 F. Supp. 505. This award failed to meet the test of fundamental rationality, and therefore may be vacated. Schlesinger v. Building Service Emp. Intern Union, Local 252, AFL-CIO, E.D.PA 1973, 367 F. Supp. 760

## Conclusion

For the foregoing reasons, it is respectfully submitted that Respondent Rose Realty Corp. and Tempest Realty Corp. cross-petition to vacate and/or modify the Arbitrator's Award or for an Order for a re-hearing be in all respects granted and that the Petitioner's motion to confirm the Award be in all respects denied.

Dated: New York, New York

    May 30, 2007

Respectfully submitted,

AGULNICK & GOGEL, LLC
Attorneys for Respondents
321 Broadway, 2nd Floor
New York, New York 10007
(212) 233-9500

By_____
    William A. Gogel (WG-3271)

TO:
Agovino & Asselta, LLP
Attorneys for Petitioner
170 Old Country Road
Mineola, New York 11501
(516) 248-9880