jpa\shamrock.rose.xpet.ans.
fwb 6/4/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the Matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

                                  Petitioner,

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
confirming an arbitration award

                    - against -

ROSE REALTY CORP. and TEMPEST
REALTY CORP.,

                              Respondents.

------------------------------------------------------------X

CIVIL ACTION NO.: 07-CV-3706
                (LBS)(FM)

Filed Electronically

PETITIONER'S ANSWER TO
RESPONDENTS' CROSS-
PETITION TO VACATE OR
MODIFY ARBITRATION AWARD

       The Petitioner Shamrock Building Systems, Inc. ("Shamrock"), as and for its answer to the Respondents' Cross-Petition to Vacate or Modify the Arbitration Award sets forth the following:

1.     Admits the allegations as set forth in paragraph "1" of Respondents' Cross-Petition.

2.     Admits the allegations as set forth in paragraph "2" of Respondents' Cross-Petition.

3.     Admits the allegations as set forth in paragraph "3" of Respondents' Cross-Petition.

4.     Admits the allegations as set forth in paragraph "4" of Respondents' Cross-Petition.

5.     Denies the allegations as set forth in paragraph "5" of Respondents' Cross-Petition, except admits that the AIA Contract was dated September 25, 2003.

6. Denies the allegations as set forth in paragraph "6" of Respondents' Cross-Petition.

7. Denies the allegations as set forth in paragraph "7" of Respondents' Cross-Petition.

8. Admits the allegations as set forth in paragraph "8" of Respondents' Cross-Petition.

9. Admits the allegations as set forth in paragraph "9" of Respondents' Cross-Petition.

10. Denies the allegations as set forth in paragraph "10" of Respondents' Cross-Petition, except admits that on March 21, 2005, Tempest Realty Corp., Liffey Van Lines, Inc. and Daniel Maloney filed a proceeding in the Supreme Court of the State of New York, New York County, Index No.: 103822/05, seeking a permanent stay of arbitration.

11. Denies the allegations as set forth in paragraph "11" of Respondents' Cross-Petition, except admits that the matter was referred to Special Referee, Louis Crespo and that Special Referee, Louis Crespo recommended that Rose Realty Corp. be bound by the Arbitration provision contained in the AIA Contract dated September 25, 2003.

12. Denies the allegations as set forth in paragraph "12" of Respondents' Cross-Petition, except admits that on May 16, 2006, the Hon. Kibbe Payne, Justice of the Supreme Court of the State of New York, New York County, signed an Order and Judgment determining that "when the contract refers to the owner of the project property, it necessarily refers to both Rose Realty and Tempest Realty" and ordering both Rose Realty and Tempest Realty to proceed to arbitration with Shamrock.

13. Admits the allegations as set forth in paragraph "13" of Respondents' Cross-Petition.

14. Admits the allegations as set forth in paragraph "14" of Respondents' Cross-Petition.

15. Denies the allegations as set forth in paragraph "15" of Respondents' Cross-Petition, except admits that Respondents filed an amended counterclaim against Shamrock with the American Arbitration Association which included additional claims of $100.00 per day for failure to complete the entire work on time.

16. Admits the allegations as set forth in paragraph "16" of Respondents' Cross-Petition.

17. Denies the allegations as set forth in paragraph "17" of Respondents' Cross-Petition.

18. Denies the allegations as set forth in paragraph "18" of Respondents' Cross-Petition.

19. Denies the allegations as set forth in paragraph "19" of Respondents' Cross-Petition.

20. Denies the allegations as set forth in paragraph "20" of Respondents' Cross-Petition.

21. Admits the allegations as set forth in paragraph "21" of Respondents' Cross-Petition.

22. Denies knowledge or information sufficient to form a belief as to the veracity of the allegations set forth in paragraph "22" of Respondents' Cross-Petition.

23. Denies the allegations as set forth in paragraph "23" of Respondents' Cross-Petition.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. An application to vacate or modify an arbitration award may only be made by way of motion pursuant to 9 U.S.C.A § 6.

25. Therefore, the "Cross-Petition" should be deemed a nullity and should be vacated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Respondent Tempest Realty Corp. is collaterally estopped and precluded from arguing it is not a party to the AIA Contract dated September 25, 2003, as the issue was presented to the Supreme Court of the State of New York, New York County, which by signed Order and Judgment, May 16, 2006, determined that "when the contract refers to the owner of the project

property, it necessarily refers to both Rose Realty and Tempest Realty" and ordered both Rose Realty Corp. and Tempest Realty Corp. to proceed to arbitration with Shamrock.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. The "Cross-Petition" and the arguments offered by Respondents to vacate or modify the arbitration award are frivolous and without any basis in fact or law.

27. Respondents and their counsel should be sanctioned and should be ordered to pay the costs and fees incurred by Petitioner in opposing the "Cross-Petition".

Wherefore, it is respectfully submitted that Respondents' Cross- Petition should be dismissed in its entirety and Shamrock Building Systems, Inc.'s Petition to Confirm the April 26, 2007 Arbitration Award should be summarily granted in its entirety and judgment granted thereon.

Dated: Mineola, New York
      June 4, 2007

    s/ _____
    Joseph P. Asselta, Esq. (JPA 0004)
    AGOVINO & ASSELTA, LLP
    Attorneys for Petitioner
    Shamrock Building Systems, Inc.
    170 Old Country Road, Suite 608
    Mineola, NY 11501
    (516) 248-9880

TO:  AGULNICK & GOGEL, LLP
     Attorneys for Respondents
     321 Broadway, 2nd Floor
     New York, NY 10007
     (212) 233-9500