jpa/sham.rose.xpet.opp.aff
fwb 6/04/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In the Matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

      Petitioner,

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
confirming an arbitration award

    - against -

ROSE REALTY CORP. and TEMPEST
REALTY CORP.,

      Respondents.

CIVIL ACTION NO. 07-CV-3706
    (LBS)(FM)

AFFIDAVIT IN FURTHER SUPPORT
OF PETITION TO CONFIRM
ARBITRATION AWARD AND IN
OPPOSITION TO RESPONDENTS'
CROSS-PETITION TO MODIFY OR
VACATE ARBITRATION AWARD

------------------------------------------------------------X

STATE OF NEW YORK )
        )ss:
COUNTY OF NASSAU )

  Joseph P. Asselta, being duly sworn, deposes and says:

  1. I am a member of Agovino & Asselta, LLP, attorneys for petitioner, Shamrock Building Systems, Inc. ("Shamrock"). As such, I am fully familiar with the facts and circumstances set forth herein. I make this affirmation in further support of Shamrock's instant petition to confirm an arbitration award in its favor rendered against Respondents Rose Realty Corp. and Tempest Realty Corp. and in opposition to Respondents' cross-petition to modify or vacate the award.

## RELEVANT PROCEDURAL HISTORY

2. On March 2, 2005, pursuant to Article 9.10.4 of the Contract, Petitioner, Shamrock, serve a demand for arbitration, to be held in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, upon respondents, Rose and Tempest, and other parties not relevant to this proceeding. Shamrock sought payment of $650,000.00, plus interest arbitration costs and attorneys fees. (A copy of the arbitration demand is annexed as Exhibit "2" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

3. On March 21, 2005, Rose and Tempest filed a motion in the Supreme Court of the State of New York, County of New York, seeking a permanent stay of arbitration.

4. On May 16, 2006, the Hon. Kibbe Payne, Justice of the Supreme Court of the State of New York, New York County, signed an Order and Judgment determining that "when the contract refers to the owner of the project property, it necessarily refers to both Rose Realty and Tempest Realty" and ordered both Rose Realty and Tempest Realty to proceed to arbitration with Shamrock. (A copy of the Court's judgment is annexed as Exhibit "3" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

5. On June 1, 2006, Respondents were served with notice of entry of the Order and Judgment, dated May 16, 2006.

6. On or about June 12, 2006, Respondents filed and served a Notice of Appeal of the Order and Judgment, dated May 16, 2006. (A copy of the Notice of Appeal is annexed hereto as Exhibit "7").

7. On August 3, 2006, respondents Rose and Tempest filed counterclaims with the American Arbitration Association against Shamrock seeking sums in excess of $150,000.00, plus

interest cost and attorneys fees. (A copy of the counterclaims are annexed as Exhibit "4" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

8. On or about August 15, 2006, Respondents filed a Notice of Motion seeking a stay of arbitration pending appeal. (A copy of the Notice of Motion seeking a stay of arbitration pending appeal is annexed hereto as Exhibit "8").

9. On October 3, 2006, the Appellate Division of the Supreme Court of the State of New York in and for the First Department, denied Respondents' Notice of Motion for a stay of arbitration pending appeal. (A copy of the Appellate Division, First Department's decision is annexed hereto as Exhibit "9").

10. Respondents have never perfected their appeal of the Order and Judgment of the Supreme Court of the State of New York, County of New York, dated May 16, 2006, and their time to do so has expired pursuant to 22 NYCRR §600.11 (a).

11. In accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, John A. Pappalardo, Esq., was appointed as arbitrator to hear and determine the disputes between the petitioner Shamrock, and respondents Rose and Tempest (hereinafter the "Arbitrator").

12. Upon due notice to the parties, hearings were held by the Arbitrator on November 6, 14, 20, 28 and 29, 2006, as well as on January 29 and February 1, 2007, at which time the parties were afforded an opportunity to present, and did present, testimony and evidence pertaining to all of the issues currently before this Court.

13. On January 25, 2007, respondents Rose and Tempest filed an amended counterclaim against Shamrock seeking sums in excess of $150,000, plus interest cost and

attorneys fees pursuant to the AIA Contract and the Construction Industry Arbitration Rules of the American Arbitration Association. (A copy of the amended counterclaim is annexed as Exhibit "5" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

14. After the conclusion of the hearings, both Shamrock and Rose Realty and Tempest Realty submitted post-arbitration briefs to the Arbitrator summarizing the evidence adduced during the hearings and arguing the applicability of the law to the facts of the case. (A copy of Shamrock's post-arbitration brief is annexed hereto as Exhibit "10". A copy of Rose Realty and Tempest Realty's post-arbitration brief is annexed hereto as Exhibit "11".)

15. On April 26, 2007, after having taken the oath prescribed by law, and after the parties had duly appeared before him and submitted their proofs, and having considered all of the evidence and arguments submitted by the parties and having come to a decision, the Arbitrator duly made his award in writing, signed and affirmed on April 26, 2007 (the "Award"). (A copy of the Award is annexed as Exhibit "6" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

16. In the Award, the Arbitrator determined that Rose and Tempest are responsible, jointly and severally, to Shamrock in the sum of $447,502.52, plus nine percent interest (9%) from February 28, 2005. (See Exhibit "6" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007). Said amount included Shamrock's counsel fees in the sum of $59,992.99.

17. The Award further determined that the administrative fees of the American Arbitration Association (Association) totaling $10,750.00 and the compensation of the Arbitrator totaling $17,662.50 shall be borne solely by Rose and Tempest and that Rose and Tempest shall pay Shamrock the additional sum of $17,331.25 representing amounts Shamrock previously

advanced to the Association. (See Exhibit "6" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

19. 18.   In the Award, the arbitrator specifically awarded "zero" for the Respondents' counterclaims. (See Exhibit "6" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

19.   The April 26, 2007 award of the arbitrator states that it is in full consideration for all claims presented and claims not appearing in the above award are denied. (See Exhibit "6" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

20.   The April 26, 2007, award of the arbitrator states that it is in full settlement of all claims and counterclaims submitted. (See Exhibit "6" to the Affidavit of Joseph P. Asselta, sworn to May 9, 2007).

21.   Rule 44(d) of Construction Industry Arbitration Rules of the American Arbitration Association unequivocally states that "[t]he award of the arbitrator may include interest at such rate and from such date as the arbitrator may deem appropriate; and an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." (A true and accurate copy of Rule 44(d) of Construction Industry Arbitration Rules of the American Arbitration Association is annexed hereto as Exhibit "12").

22.   By their respective demands and counterclaims, all parties requested an award of attorneys' fees. (See Exhibits "2" and "4"). Respondents' reaffirmed their request when they filed an amended counterclaim towards the conclusion of the hearings. (See Exhibit "5").

23.   In accordance with Article 9.10.4 of the Contract and the Construction Industry Arbitration Rules of the American Arbitration Association, the Award should be confirmed in its entirety, and judgment should be entered thereon.

## CROSS-PETITION TO VACATE OR MODIFY AWARD SHOULD BE DISMISSED

24.  In opposition to the instant petition and in support of the cross-petition to vacate or modify the Award, Respondents' counsel, William Gogel, submits an affidavit which merely repeats the same factual arguments Respondents made to the arbitrator in the arbitration hearings. In fact, the Gogel Affidavit utilizes almost the <u>exact same</u> language as found in the Respondents' post-arbitration hearing brief (although, concededly, substituting "Petitioner" for "Claimant"). (See Exhibit 11 hereto.)  For the Court's easy reference, the following summarizes where the almost identical recitation of the facts as claimed by Respondents in the Gogel Affidavit can be found in Respondents' post-arbitration hearing brief:

| <u>Gogel Affidavit</u> | <u>Respondents' Post-Arbitration Brief</u> |
|---|---|
| ¶¶ 9, 11, 12 | pp. 5-6 |
| ¶ 13 | p. 6 |
| ¶ 25 | p. 6 |
| ¶¶ 26, 27 | p. 7 |
| ¶¶ 28, 29, 30, 31, 32 | p. 8 |
| ¶¶ 33, 34, 35, 36, 37 | p. 9 |
| ¶¶ 38, 39, 40, 41, 42 | p. 10 |
| ¶¶ 43, 44, 45, 46, 47 | p. 11 |
| ¶¶ 48, 49, 50 | p. 12 |
| ¶¶ 51, 52, 53, 54, 55 | p. 13 |
| ¶¶ 56, 57, 58, 59 | p. 14 |
| ¶ 60 | p. 3 |
| ¶ 61 | p. 15 |
| ¶¶ 62, 63, 64, 65, 66, 67 | p. 16 |
| ¶¶ 68, 69, 70, 71, 72, 73, 74 | p. 17 |
| ¶¶ 75, 76, 77 | p. 18 |
| ¶¶ 78, 79, 80 | p. 19 |
| ¶¶ 81, 82, 83, 84 | p. 20 |
| ¶¶ 85, 86, 87, 88, 89, 90, 91 | p. 21 |
| ¶¶ 97, 98, 99, 100 | p. 4 |
| ¶ 101 | p. 5 |

It must be remembered that these same facts were presented to, and rejected by the Arbitrator. Respondents do not present any new facts in this proceeding.

25.  Additionally, in paragraphs 102 and 103 of the Gogel Affidavit, counsel argues that the Award fails to reference Respondents' assertion that Tempest Realty is not liable and that there is no evidence to support a finding against Tempest. Both assertions are false. The Award specifically determines that both Respondents (clearly identified in the caption of the Award as Rose Realty and Tempest Realty) are jointly and severally liable to Shamrock. Moreover, the evidence submitted to support a finding against Tempest included the facts that Tempest is the owner of the real property upon which Shamrock constructed the new building structure pursuant to the construction contract containing the arbitration provision and that the Supreme Court of the State of New York determined that Tempest, along with Rose, was to be considered an "Owner" under said contract. Shamrock's claims in the arbitration proceeding were for non-payment by the Owner under the parties' contract. As such, the arbitrator found the Owners, Tempest and Rose, liable to Shamrock for non-payment of certain amounts.

26.  In paragraphs 104 and 105 of the Gogel Affidavit, counsel argues that the Award should be vacated pursuant 9 U.S.C.A. §10 (a) because of evident partiality by the arbitrator and because the arbitrator imperfectly executed his powers. Without a shred of evidence to support his conclusory allegations, Counsel has shamelessly impugned the integrity of the arbitrator. As such, the request to vacate the Award should be denied.

27.  In paragraph 106 of the Gogel Affidavit, counsel also argues that the Award should be vacated pursuant to 9 U.S.C.A. §11 (a) because of an evident material miscalculation of figures and an evident mistake in the description of persons. Contrary to counsel's argument,

§11 (a) only provides a basis to modify, not vacate, the Award. Furthermore, counsel's argument is conclusory without any evidence to support such findings. The Gogel Affidavit fails to identify which figures in the award were miscalculated (let alone materially miscalculated). Nor does the Gogel Affidavit identify which person or persons were mistakenly described. Both Rose Realty and Tempest Realty were properly identified by their full, correct corporate names.

WHEREFORE, deponent respectfully requests that the Respondents' Cross-Petition to vacate or modify the Arbitration Award be summarily dismissed and that Petitioner's Petition for an order confirming the Award and for entry of judgment in conformity therewith against Respondents, jointly and severally, be granted in its entirety.

Dated:  Mineola, New York
        June 4, 2007

_____
Joseph P. Asselta, Esq. (JPA 0004)
AGOVINO & ASSELTA, LLP
Attorneys for Petitioner
Shamrock Building Systems, Inc.
170 Old Country Road, Suite 608
Mineola, NY  11501
(516) 248-9880

TO:   AGULNICK & GOGEL, LLP
      Attorneys for Respondents
      321 Broadway, 2nd Floor
      New York, NY  10007
      (212) 233-9500