jpa\shamrock.rose.reply.mol.
fwb 6/4/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In the Matter of the Application of

SHAMROCK BUILDING SYSTEMS, INC.,

                      Petitioner,

For an Order pursuant to the Federal
Arbitration Act 9 U.S.C.A. § 1 et seq.,
confirming an arbitration award

           - against -

ROSE REALTY CORP. and TEMPEST
REALTY CORP.,

                    Respondents.

-----------------------------------------------------------X

CIVIL ACTION  NO.: 07-CV-3706
(LBS)(FM)

Filed Electronically

MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITION
TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO
RESPONDENTS' CROSS-PETITION TO VACATE OR MODIFY
ARBITRATION AWARD

TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I
RESPONDENTS' CROSS-PETITION IS PALPABLY
IMPROPER IN FORM AND SHOULD BE DISMISSED . . . . . . . . . . . . . . . 1

POINT II
THE ARBITRATION AWARD SHOULD BE CONFIRMED . . . . . . . . . . . . 1

A)    RESPONDENT TEMPEST SHOULD BE ESTOPPED FROM
      RE-LITIGATING WHETHER IT IS A PARTY TO THE CONTRACT
      AND THUS BOUND BY THE ARBITRATION AWARD . . . . . . . . . . . 1

B)    THE RESPONDENTS HAVE FAILED TO AFFIRMATIVELY
      DEMONSTRATE ANY STATUTORY GROUNDS FOR MODIFYING
      THE ARBITRATION AWARD WHICH WOULD PRECLUDE THE
      SUMMARY CONFIRMATION OF THE ARBITRATION AWARD . . . . . . 1

C)    THE RESPONDENTS HAVE FAILED TO AFFIRMATIVELY
      DEMONSTRATE ANY GROUNDS FOR VACATING THE
      ARBITRATION AWARD WHICH WOULD PRECLUDE THE
      SUMMARY CONFIRMATION OF THE ARBITRATION AWARD . . . . . . 1

D)    THE RESPONDENTS HAVE FAILED TO AFFIRMATIVELY
      DEMONSTRATE THAT THE ARBITRATOR EXCEEDED HIS
      AUTHORITY IN AWARDING ATTORNEYS' FEES
      WHICH WOULD PRECLUDE THE SUMMARY
      CONFIRMATION OF THE ARBITRATION AWARD . . . . . . . . . . . . 1

POINT III
THE RESPONDENTS' CROSS-PETITION WARRANTS SANCTIONS
AS THE ARGUMENTS PROFFERED BY THE RESPONDENTS TO
VACATE OR MODIFY THE ARBITRATION AWARD ARE
FRIVOLOUS AND WITHOUT ANY BASIS IN FACT OR LAW . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## TABLE OF AUTHORITY

### STATUTES

9 U.S.C.A § 6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

9 U.S.C.A. § 10(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

9 U.S.C.A. § 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

### APPELLATE CASES

Duferco Intern. Steel Trading v. T. Klaveness Shipping,
333 F.3d 383 (2nd Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . 3

Eastway Construction Corp. v. City of New York,
762 F2d 243, 254 (2ndCir. 1985). . . . . . . . . . . . . . . . . . . . .14

Folkways Music Publishers, Inc. v. Weiss,
989 F.2d 108, 111 (2nd Cir. 1993). . . . . . . . . . . . . . . . . . 2, 7

Goldman v. Architectural Iron Co.,
306 F.3d 1214, 1216 (2nd Cir. 2002). . . . . . . . . . . . . . . . . .8

Ottley v. Schwartzberg,
819 F.2d 373, 377 (2nd Cir.1987). . . . . . . . . . . . . . . . . . 3, 7

Wall Street Associates, L.P. v. Becker Paribas Inc.,
27 F.3d 845, 849 (2nd Cir. 1994). . . . . . . . . . . . . . . . . . .2, 8

Wallace v. Buttar,
378 F.3d 182, 193 (2nd Cir. 2004) . . . . . . . . . . . . . . . . . .10

Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,
126 F.3d 15, 23 (2nd Cir.1997). . . . . . . . . . . . . . . . . . . . . 2

### DISTRICT COURT CASES

Barbier v. Shearson Lehman Hutton, Inc.,
752 F.Supp. 151, 164 (S.D.N.Y. 1990). . . . . . . . . . . . . . .7

BBS Norwalk One, Inc., v. Raccolta, Inc.,
117 F.3d 674, 677 (2nd Cir. 1997). . . . . . . . . . . . . . . . . . 6

Bishoff v. King,
154 F.Supp.2d 630, 637 (S.D.N.Y. 2001). . . . . . . . . . . . .12

Data-Stream AS/Rs Technologies, LLC v.
China Intern. Marine Containers, Ltd.,
2003 WL 22519456 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . . .3, 7

Colavito v. Hockmeyer Equipment Corp.,
605 F.Supp. 1482, 1488 (S.D.N.Y. 1985). . . . . . . . . . . . . . . . . . . . . .15

Gramling v. Food Manufacturing & Chemical Corp.,
151 F.Supp. 853 (W.D. South Carolina) . . . . . . . . . . . . . . . . . . . . . . .9

Gold Star Flooring  Specialist, Inc.,  v. Manshul Construction Corporation,
1995 WL 231366 (S.D.N.Y 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 11

Huntington Hosp. v. Huntington Hosp. Nurses' Ass'n,
302 F.Supp.2d 34, 40 (E.D.N.Y. 2004). . . . . . . . . . . . . . . . . . . . . . . .9

In re Arbitration Between Atherton and Online Video,
274 F.Supp.2d 592, 594 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . .3

InterChem Asia 2000 Pte, Ltd v. Oceana Petrochemicals AG,
373 F.Supp.2d 340, 349 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . 10

Jardine Matheson & Co. v. Saita Shipping, Ltd.
712 F.Supp. 423, 428 (S.D.N.Y. 1989). . . . . . . . . . . . . . . . . . . . . . 14

Kruse v. Sands Brothers & Co., Ltd.,
226 F.Supp.2d 484, 485 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . .1, 2

Roche v. Local 32B-32J Service Employees Union,
755 F.Supp. 622 (S.D.N.Y 1991) . . . . . . . . . . . . . . . . . . . . . . . . . .2

Smith v. Positive Productions,
419 F.Supp.2d 437, 447 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . 12

Sociedad Armadora Aristomenis Panama, S.A. v. Tri-Coast S.S. Co.,
184 F.Supp. 738 (S.D.N.Y. 1960) . . . . . . . . . . . . . . . . . . . . . . . . . 4

The Shaw Group, Inc. v. Triplefine Intern. Corp.,
2003 WL 22077332 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . 13

United States for Benefit of Evergreen Pipeline Const. Co. v.
Merritt Meridian Const. Corp., 890 F.Supp.
1213, 1220 (S.D.N.Y. 1995),
aff'd in relevant part, 95 F.3d 153 (2d Cir. 1996) . . . . . . . . . . . . . . . . . 11

## STATE COURT CASES

Austin v. Barber,
227 A.D.2d 826, 828, 642 N.Y.S.2d 972, 974 (3d Dep't. 1996) . . . . . . . . . . . . 11

Barsotti's, Inc. v. Consolidated Edison Co. of New York, Inc.,
254 A.D.2d 211, 212, 680 N.Y.S.2d 88, 89 (1st Dep't. 1998) . . . . . . . . . . . . . 11

Hedden Const. Co. v. Rossiter Realty Co.,
136 A.D. 601, 121 N.Y.S. 64 (1st Dep't. 1910),
aff'd., 202 N.Y. 522, 95 N.E. 1130 (1911) . . . . . . . . . . . . . . . . . . . . . . . . 11

La Rose v. Backer,
11 A.D.2d 314, 319-320, 203 N.Y.S.2d 740, 746 (3d Dep't. 1960) . . . . . . . . . . . 11

Weaver v. Acampora,
227 A.D.2d 727, 728, 642 N.Y.S.2d 339, 341 (3d Dep't. 1996) . . . . . . . . . . . . . 11

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted on behalf of Petitioner Shamrock Building Systems, Inc. ("Shamrock") in further support of Shamrock's Petition to Confirm an Arbitration Award dated April 26, 2007 and in opposition to Respondents' Cross-Petition to Vacate or Modify the Arbitration Award. The factual basis for Shamrock's Petition and the instant reply is set forth in the affidavit of Joseph P. Asselta, Esq., sworn to May 9, 2007 submitted with Shamrock's Petition, the affidavit of Joseph P. Asselta, Esq., sworn to June 4, 2007 and the post-arbitration briefs of all parties attached as exhibits thereto. In the interest of brevity, only the relevant facts shall be repeated herein as necessary.

## ARGUMENT

### POINT I

### RESPONDENTS' CROSS-PETITION IS PALPABLY IMPROPER IN FORM AND SHOULD BE DISMISSED

Pursuant to the Federal Arbitration Act, a request for judicial intervention seeking to vacate and or modify an arbitration award must be made by motion. 9 U.S.C.A § 6.

In the instant summary proceeding, the Respondents have improperly sought the intervention of this Court seeking to vacate and/or modify the Arbitration Award by way of a cross-petition in direct violation of the proscription of 9 U.S.C.A § 6. Kruse v. Sands Brothers & Co., Ltd., 226 F.Supp.2d 484, 485 (S.D.N.Y. 2002) ("the statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint or

an Application to Vacate Arbitration Award"). Thus, Respondents' Cross-Petition is palpably improper as it attempts to shift the burden to Petitioner Shamrock to affirmatively show that these Respondents could not prove any facts that would entitle them to relief from the Arbitration Award. Id. at 487, *citing*: Roche v. Local 32B-32J Service Employees Union, 755 F.Supp. 622 (S.D.N.Y 1991) (warning that if the party seeking to confirm the award did not prevail on a motion to dismiss, the complaint to vacate the arbitration award would surely develop into full scale litigation.). More succinctly, the Respondents' palpably improper attempt to shift the burden to Petitioner flies in the face of the general presumption in this jurisdiction that an arbitration award is valid unless it is proven otherwise. Wall Street Associates, L.P. v. Becker Paribas Inc., 27 F.3d 845, 849 (2nd Cir. 1994).

As Respondents' palpably improper Cross-Petition is in direct contravention of 9 U.S.C.A § 6, it should be summarily dismissed.

## POINT II

## THE ARBITRATION AWARD SHOULD BE CONFIRMED

An application to confirm an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc., 126 F.3d 15, 23 (2nd Cir.1997). It is well settled that arbitration awards are subject to very limited review by courts in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation. Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2nd Cir. 1993).

The Federal Arbitration Act only permits a district court to vacate an arbitration

award in certain narrow circumstances, all of which invoke corruption, fraud or some other impropriety on the part of the arbitrators.  In re Arbitration Between Atherton and Online Video, 274 F.Supp.2d 592, 594 (S.D.N.Y. 2003); *see* also 9 U.S.C.A. § 10(a). The Second Circuit has also recognized that an arbitration award may be vacated if it is in "manifest disregard of the law."  However, manifest disregard is "severely limited," as judicial review is highly deferential to the arbitral award and obtaining judicial relief for an arbitrator's manifest disregard of the law is rare.  Duferco Intern. Steel Trading v. T. Klaveness Shipping, 333 F.3d 383 (2nd Cir. 2003).

Similarly, the Federal Arbitration Act only permits a district court to modify an arbitration award where (a) there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (b) the award is based upon a matter not submitted to the arbitrator; or (c) the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C.A § 11.  Data-Stream AS/Rs Technologies, LLC v. China Intern. Marine Containers, Ltd., 2003 WL 22519456 (S.D.N.Y. 2003). Thus, absent a statutory basis for modification or vacatur, the district court's task is to confirm the arbitrator's final award as mandated by section 9 of the Federal Arbitration Act.  Ottley v. Schwartzberg, 819 F.2d 373, 377 (2nd Cir.1987).

In an apparent attempt to delay the summary confirmation of the Arbitration Award, the Respondents' frivolously claim that the Arbitration Award should be vacated as a result of evident partiality by the arbitrator or because the arbitrator so imperfectly executed his powers that a mutual, final and definite award was not made.  Alternatively, the Respondents claim that it is within the province of this Court to modify the

3

Arbitration Award to affect the intent thereof or to promote justice between the parties. These claims, however, are baseless as the Respondents attempt to mislead this Court by misstating well-established law in this jurisdiction in a thinly-veiled attempt to re-litigate issues which have been duly and finally determined either by the arbitrator or the Supreme Court of the State of New York, New York County.

A)    RESPONDENT TEMPEST SHOULD BE ESTOPPED FROM
      RE-LITIGATING WHETHER IT IS A PARTY TO THE CONTRACT
      AND THUS BOUND BY THE ARBITRATION AWARD

Respondents cite <u>Sociedad Armadora Aristomenis Panama, S.A. v. Tri-Coast S.S. Co.</u>, 184 F.Supp. 738 (S.D.N.Y. 1960) for the proposition that, despite the strict requirements of 9 U.S.C.A. § 10, it lies within the province of this Court's discretion to vacate the Arbitration Award as against Respondent Tempest Realty Corp., in order to promote justice between the parties. More succinctly, Respondent Tempest Realty Corp. claims that the arbitrator failed to credit Respondents' claims that Tempest Realty was not a party to the AIA Contract which contained the arbitration provision and that this Court should vacate that portion of the award which holds Respondent Tempest Realty Corp., jointly and severally, liable to Shamrock, in order to promote justice between Tempest Realty Corp. and Shamrock. Respondents' argument, however, fails for two distinct reasons.

First, the Court in <u>Sociedad</u> held that where the matter was submitted to the arbitrator and was awarded upon by the arbitrator, the arbitration award was not open to modification. <u>Id</u>. at 184 F.Supp 738, 743-744 (S.D.N.Y. 1960). Clearly, the Court's decision stands for the proposition that it is not within the province of the District Court

4

to modify an arbitration award where, as here, the issues have clearly and properly been submitted to the arbitrator and the arbitrator has awarded upon them. In such an instance, the Court may only vacate an award pursuant to one of the express, limited bases found in 9 U.S.C.A § 10. Id.

As set forth in their post-arbitration hearing brief (see Respondents' post-arbitration hearing brief attached as Exhibit "11" to Asselta's June 4, 2007 affidavit), Respondents clearly argued the issue of Tempest's liability to the arbitrator by putting forth the same arguments it now presents to this Court. Just as clearly, the arbitrator rejected the arguments and specifically determined in his Arbitration Award that Tempest is jointly and severally liable to Shamrock for the Award.

Second, Respondents' argument disingenuously ignores the decision of the Supreme Court of the State of New York, New York County, which duly and finally determined that Respondent Tempest Realty Corp., which owns the real property upon which part of the building structure constructed by Shamrock was placed, was a party to the AIA Contract containing the arbitration provision and, thus, it is bound to adhere to the final determination of the arbitrator. Based on the contested facts as outlined in the Court's order and judgment, it is indisputable that the Respondents commenced a special proceeding in that Court seeking a determination of this very same issue. Respondents presented their proof to that Court concerning Tempest's liability under the contract and that Court rejected their arguments. It is now the law of the case that Tempest Realty Corp. is an "Owner" under the parties' AIA Contract and, thus, bound to arbitrate with Shamrock based on Shamrock's claims for non-payment by the Owner under the parties' AIA Contract. As such, Respondent Tempest Realty Corp. is collaterally estopped from

5

re-litigating the issue for a third time before this Court. <u>BBS Norwalk One, Inc., v.</u>
<u>Raccolta, Inc.</u>, 117 F.3d 674, 677 (2nd Cir. 1997). In fact, the Respondents had ample
time to appeal the decision of the Supreme Court of the State of New York, New York
County, but elected to allow their time to perfect their appeal to expire.

It is also indisputable, as evidenced by the face of the Arbitration Award, that the
arbitrator took notice of the Judgment of the Supreme Court of the State of New York,
New York County.

As such, Respondents' attempt at a third bite at the apple, by claiming that the
arbitrator allegedly disregarded Respondents' claim that Tempest Realty Corp. is not
bound by the arbitration provision contained in the AIA Contract, is baseless and nothing
more than a frivolous attempt to delay the summary confirmation of the Arbitration
Award and should be summarily dismissed.

B)    THE RESPONDENTS HAVE FAILED TO AFFIRMATIVELY
      DEMONSTRATE ANY STATUTORY GROUNDS FOR MODIFYING
      THE ARBITRATION AWARD WHICH WOULD PRECLUDE THE
      <u>SUMMARY CONFIRMATION OF THE ARBITRATION AWARD</u>

Pursuant to 9 U.S.C.A. § 11 an arbitration award may be modified or corrected
where (a) there was an evident material miscalculation of figures or an evident material
mistake in the description of any person, thing, or property referred to in the award; (b)
the award is based upon a matter not submitted to the arbitrator; or (c) the award is
imperfect in a matter of form not affecting the merits of the controversy.

Couched in the statutory language of 9 U.S.C.A. § 11, the Respondents argue that
the Arbitration Award is subject to modification, correction and/or remand as a result of
an "evident miscalculation", a "mistake in the description of any person" or alternatively

that "the award is imperfect in a matter of form not affecting the merits of the controversy."

The Respondents fail to overcome the strong presumption in this jurisdiction that an arbitration award is valid and accurate as drafted by not specifically identifying any evident mathematical miscalculations, any evident mistake in the description of any person, or any imperfection in the form of the Arbitration Award not affecting the merits of the controversy which would warrant modification or remand. Data-Stream, supra, 2003 WL 22519456 (S.D.N.Y. 2003). Moreover, the Respondents have failed to affirmatively identify any instances where the Arbitration Award is incomplete or ambiguous. Ottley, supra at 377. Instead, Respondents disingenuously reargue a litany of issues, previously presented to the arbitrator, and surmise that by failing to address each individual counterclaim in the Arbitration Award's summary rejection of said counterclaims, the arbitrator must have made several mistakes of fact which allegedly warrant this Court's modification and/or vacatur of the Arbitration Award. Respondents' arguments, however, are meritless.

It is well-settled law that the arbitrator is not required to disclose the basis upon which Respondents' counterclaims were rejected. Barbier v. Shearson Lehman Hutton, Inc., 752 F.Supp. 151, 164 (S.D.N.Y. 1990). Moreover, the lack of explicit justification for the denial of Respondents' counterclaims does not render the Arbitration Award ambiguous, incomplete or imperfect so as to warrant remand for clarification. Folkways, supra at 112.

In this case, the arbitrator considered the evidence presented by the Respondents and specifically ruled on their counterclaims by awarding them "zero." The fact that the

Respondents may disagree with that determination is irrelevant.

Respondents' baseless claims of "evident miscalculation", "mistake in description of persons" and/or "imperfect form" amount to nothing more than counsel's conclusory attempt to manufacture a claim of "manifest disregard of the law" by the arbitrator.

C)    THE RESPONDENTS HAVE FAILED TO AFFIRMATIVELY
      DEMONSTRATE ANY GROUNDS FOR VACATING THE
      ARBITRATION AWARD WHICH WOULD PRECLUDE THE
      SUMMARY CONFIRMATION OF THE ARBITRATION AWARD

Under the Federal Arbitration Act, the validity of an arbitration award is subject to attack only on grounds listed in the Act and the policy of the Act requires that an award be enforced unless one of the grounds set forth therein is affirmatively shown to exist. Wall Street Associates, L.P. v. Becker Paribas Inc., 27 F.3d 845 (2nd Cir. 1994). More specifically, pursuant to §10 (a) of the Federal Arbitration Act, the District Court may make an order vacating the award upon the application of any party to the arbitration only on the following grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

In addition, the Second Circuit also recognizes the doctrine of "manifest disregard of the law" as an additional, judicially created, ground for the vacating of an arbitration award. Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2nd Cir. 2002). The

"manifest disregard of the law" ground, however, is a doctrine of last resort and its use has been limited to those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent, but none of the provisions of 9 U.S.C.A. § 10(a) applies. Huntington Hosp. v. Huntington Hosp. Nurses' Ass'n, 302 F.Supp.2d 34, 40 (E.D.N.Y. 2004).

In the instant action, the Respondents cannot affirmatively satisfy any of the individual grounds set forth in 9 U.S.C.A. § 10(a), nor can they affirmatively prove any particular circumstance of egregious impropriety on the part of the arbitrator in order to invoke the "manifest disregard of the law" doctrine. Instead, the Respondents raise all of the same issues, which were previously presented to the arbitrator and summarily rejected, in order to proclaim that a "mistake of fact" warrants vacatur of the Arbitration Award.

In fact, the Respondents contend that if not for the palpable "mistake of facts" by the arbitrator, the arbitration would have resulted in a different award. The Respondents' contention, however, is frivolous as it is based on caselaw from other jurisdictions which is completely contrary to the well-settled law in this jurisdiction. More specifically, Respondents cite Gramling v. Food Manufacturing & Chemical Corp., 151 F.Supp. 853 (W.D. South Carolina), for the proposition that it is within the province of the court to vacate an arbitration award which allegedly suffers from either erroneous and/or mistaken facts. The Respondents proffer of the foregoing decision in Gramling, as authority in this jurisdiction, is completely improper and frivolous as it is completely contrary to the law in the Second Circuit.

The Second Circuit in <u>Wallace v. Buttar</u>, 378 F.3d 182, 193 (2nd Cir. 2004), has clearly stated that this jurisdiction does not recognize mistake of fact, manifest disregard of the facts or manifest disregard of the evidence as a ground for vacating an arbitration award.  In fact, the Court in <u>Wallace</u>, affirmatively stated that the only ground recognized in this jurisdiction for vacating an arbitration award, other than those proscribed in 9 U.S.C.A. § 10(a), is "manifest disregard for the law."  Furthermore, in order to invoke the "manifest disregard for the law" doctrine, the Respondents are required to prove (1) that the law was well-defined, explicit and clearly applicable to the facts as presented; and (2) that the arbitrator knew of the existence and applicability of the law and decided to ignore it. <u>InterChem Asia 2000 Pte, Ltd v. Oceana Petrochemicals AG</u>, 373 F.Supp.2d 340, 349 (S.D.N.Y. 2005).

In the instant action, the Respondents cannot satisfy their burden under the "manifest disregard for the law" doctrine.  In fact, the arguments proffered by the Respondents, in both the arbitration and the instant action, actually prohibit the invocation of the doctrine.  More specifically, the Respondents contend that the arbitrator ignored the law on the issue of "Extras" and/or "Change Orders."  In the Arbitration, and regurgitated here for the Court, the Respondents claim that, pursuant to certain New York State cases, Shamrock was not entitled to be compensated for any extra work and/or change orders as a result of a contractual provision requiring written authorization for same.

Alternatively, however, the Respondents acknowledge, both in the instant action and at arbitration, that another equally (if not more) persuasive line of cases exist which recognize an exception to the authority relied upon by the Respondents, where there is a

10

"waiver" of the contractual writing requirement relating to extra work/change orders. Gold Star Flooring Specialist, Inc., v. Manshul Construction Corporation, 1995 WL 231366 (S.D.N.Y 1995); Barsotti's, Inc. v. Consolidated Edison Co. of New York, Inc., 254 A.D.2d 211, 212, 680 N.Y.S.2d 88, 89 (1st Dep't. 1998), ("Under New York law, oral directions to perform extra work, or the general course of conduct between the parties, may modify or eliminate contract provisions requiring written authorization"), quoting United States for Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp., 890 F.Supp. 1213, 1220 (S.D.N.Y. 1995), aff'd in relevant part, 95 F.3d 153 (2d Cir. 1996); Hedden Const. Co. v. Rossiter Realty Co., 136 A.D. 601, 121 N.Y.S. 64 (1st Dep't. 1910), aff'd., 202 N.Y. 522, 95 N.E. 1130 (1911) (where plans are revised, contractor is entitled to furnish the extra work specified in the revised plans and specifications and to recover compensation therefor, despite the lack of compliance with the contract's requirement that extras be authorized in writing); Austin v. Barber, 227 A.D.2d 826, 828, 642 N.Y.S.2d 972, 974 (3d Dep't. 1996) (contractor was entitled to compensation for orally requested changes and extra work, notwithstanding contract provision requiring written orders for same); Weaver v. Acampora, 227 A.D.2d 727, 728, 642 N.Y.S.2d 339, 341 (3d Dep't. 1996) (property owners waived their right to insist upon compliance with requirement that change orders be in writing, by orally requesting various changes and accepting work performed by contractor pursuant to the oral requests); La Rose v. Backer, 11 A.D.2d 314, 319-320, 203 N.Y.S.2d 740, 746 (3d Dep't. 1960) ("when the owner knowingly receives and accepts the benefits of extra work orally directed by himself and his agents, the owner is equitably bound to pay the reasonable value thereof, notwithstanding the provisions of his contract that any extra work must be

11

supported by a written authorization signed by the owner, such conduct working a waiver of that requirement.").

Although the Respondents argue that the line of cases recognizing a "waiver" exception should not apply, the issue, as demonstrated by the parties' post–arbitration briefs, was strenuously contested and argued before the arbitrator. More importantly, the Respondents cannot prove that the law was well defined, explicit and clearly applicable to the facts as presented, nor can they prove that the arbitrator knew of the existence and applicability of the law as they proclaim it to be and deliberately decided to ignore it. As the Respondents have utterly failed to satisfy their burden, this Court should not disturb the Arbitration Award simply because the Respondents have a different opinion from that of the arbitrator with regard to applicability of the law. Smith v. Positive Productions, 419 F.Supp.2d 437, 447 (S.D.N.Y. 2005).

As the Respondents have failed affirmatively to prove any ground for the vacatur of the Arbitration Award, the Respondents' Cross-Petition should be summarily dismissed and Shamrock's Petition to confirm the Arbitration Award should be summarily granted in its entirety.

D)    THE RESPONDENTS HAVE FAILED TO AFFIRMATIVELY
       DEMONSTRATE THAT THE ARBITRATOR EXCEEDED HIS
       AUTHORITY IN AWARDING ATTORNEYS' FEES
       WHICH WOULD PRECLUDE THE SUMMARY
       CONFIRMATION OF THE ARBITRATION AWARD

The Federal Arbitration Act, 9 U.S.C.A. § 10 (a)(4), provides that an arbitration award may be vacated where the arbitrator exceeds his power. Bishoff v. King, 154 F.Supp.2d 630, 637 (S.D.N.Y. 2001).

In the instant summary proceeding, the Respondents argue that there is no contractual provision providing for an award of attorneys' fees and, as a result, the arbitrator exceeded his authority by awarding Petitioner the attorneys' fees incurred in connection with the arbitration. Respondents' argument, however, is meritless as it is contrary to the AIA Contract, dated September 25, 2003, and the Construction Industry Arbitration Rules of the American Arbitration Association.

It is indisputable that Article 9.10.4 of the AIA Contract, dated September 25, 2003, mandates that all disputes between the parties, which are not resolved by mediation, shall be subject to arbitration pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association. Rule 44(d) of Construction Industry Arbitration Rules of the American Arbitration Association unequivocally states that "[t]he award of the arbitrator may include interest at such rate and from such date as the arbitrator may deem appropriate; and an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." (Emphasis added.) Thus, by specifying in Article 9.10.4 of the AIA Contract, dated September 25, 2003, that arbitration was to be conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, the contract empowered the arbitrator to award attorneys fees pursuant to Rule 44(d). The Shaw Group, Inc. v. Triplefine Intern. Corp., 2003 WL 22077332 (S.D.N.Y. 2003).

In the case at bar, it is clear that both parties included express requests for attorneys' fees in their arbitration demands and counterclaims. Moreover, at least two months after the arbitration hearings had already commenced and just days prior to the final arbitration hearing day, Respondents amended their counterclaim and again

13

demanded that they be awarded attorneys' fees. It cannot reasonably be disputed that both parties have repeatedly demanded attorneys' fees pursuant to Rule 44(d) of Construction Industry Arbitration Rules of the American Arbitration Association. More importantly, Respondents are well aware of Rule 44(d)'s authorization for the award of attorneys' fees as they not only sought attorneys' fees pursuant thereto, but also submitted the issue to the arbitrator for determination. Clearly, Respondents' claim that the arbitrator exceeded his powers by awarding attorneys' fees to Petitioner is contrary to the arbitration agreement and the position taken at arbitration and amounts to nothing more than another frivolous attempt to manufacture a sufficient ground to warrant vacating an Arbitration Award that is in all respects just and proper. As such, Respondents' Cross-Petition to Vacate or Modify the Arbitration Award should be summarily dismissed.

**POINT III**

**THE RESPONDENTS' CROSS-PETITION WARRANTS SANCTIONS
AS THE ARGUMENTS PROFFERED BY THE RESPONDENTS TO
VACATE OR MODIFY THE ARBITRATION AWARD ARE
FRIVOLOUS AND WITHOUT ANY BASIS IN FACT OR LAW**

It is well-settled that Rule 11 of the Federal Rules of Civil Procedure places an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Jardine Matheson & Co. v. Saita Shipping, Ltd. 712 F.Supp. 423, 428 (S.D.N.Y. 1989). As such, the imposition of sanctions is mandatory when the pleadings are not warranted by existing law or an extension, modification or reversal of existing law. Eastway Construction Corp. v. City of New York, 762 F2d 243, 254 (2nd Cir. 1985).

14

In the instant action, the Respondents have impugned the character and neutrality of an arbitrator appointed by the American Arbitration Association without offering a shred of evidence to support their allegations. Colavito v. Hockmeyer Equipment Corp., 605 F.Supp. 1482, 1488 (S.D.N.Y. 1985). Just as disturbingly, the Respondents, claiming a scarcity of Federal cases on point, have attempted to mislead this Court by citing cases from other jurisdictions which are absolutely contrary to the Second Circuit's repeated holding that the only ground for vacating an arbitration award, not proscribed by 9 U.S.C.A. § 10, is the well-established and oft cited "manifest disregard of the law" doctrine. Additionally, Respondents fail to present any evidence to support a proper request under 9 U.S.C.A. §§10 or 11 or the applicable caselaw to vacate or modify the Arbitration Award and simply rely on the conclusory and irrelevant arguments of counsel.

Lastly, a cursory review of the signed Order of the Supreme Court of the State of New York, New York County, the Respondents' post-arbitration brief and the Respondents' Memorandum of Law and Affidavit in Support of Respondents' Cross-Petition clearly evidence Respondents' frivolous intent to delay the summary confirmation of the Arbitration Award as the Respondents literally regurgitate the same arguments and facts that have been considered and finally determined by both the Supreme Court of the State of New York, New York County, and the arbitrator. As such, Respondents' vexatious, wanton and frivolous Cross-Petition warrants the imposition of sanctions.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Respondents' Cross-Petition to vacate or modify the Arbitration Award be summarily dismissed, that Shamrock Building Systems, Inc.'s Petition for an order confirming the arbitrator's award and for entry of judgment in conformity therewith against respondents Rose Realty Corp. and Tempest Realty Corp., jointly and severally, for the sum of $447,502.52, plus nine percent interest (9%) from February 28, 2005 and for the costs of arbitration in the sum of $17,331.25, be summarily granted in its entirety and that Respondents and their counsel should be sanctioned and ordered to pay the costs and fees incurred by Petitioner Shamrock Building Systems, Inc. in opposing the "Cross-Petition".

Dated: Mineola, New York
       June 4, 2007

Joseph P. Asselta, Esq. (JPA 0004)
AGOVINO & ASSELTA, LLP
Attorneys for Petitioner
Shamrock Building Systems, Inc.
170 Old Country Road, Suite 608
Mineola, NY 11501
(516) 248-9880

TO:    AGULNICK & GOGEL, LLP
       Attorneys for Respondents
       321 Broadway, 2nd Floor
       New York, NY 10007
       (212) 233-9500