**Exhibit 10**

FILE COPY

AMERICAN ARBITRATION ASSOCIATION
-------------------------------------------------------------------X

SHAMROCK BUILDING SYSTEMS, INC.,          Case No. 13 110Y 00622 05

                    Claimant,

        - against -

ROSE REALTY CORP. and TEMPEST
REALTY CORP.,

                    Respondents.

-------------------------------------------------------------------X

## CLAIMANT'S POST-HEARING BRIEF

**AGOVINO & ASSELTA, LLP**
ATTORNEYS AT LAW
170 OLD COUNTRY ROAD, SUITE 608
MINEOLA, NEW YORK 11501
(516) 248-9880

<u>PRELIMINARY STATEMENT</u>

Claimant, Shamrock Building Systems, Inc. ("Shamrock"), submits this post-hearing brief in support of its claim against respondents, Rose Realty Corp. ("Rose") and Tempest Realty Corp. ("Tempest"), seeking to recover $417,085.56 due under the parties' construction contract, including unpaid change orders for additional and extra work requested by the respondents, as well as unpaid sales tax.  In addition, Shamrock seeks to recover interest, reasonable attorney's fees and arbitration costs and fees.

As the Supreme Court, New York County, has determined, on September 25, 2003, Shamrock, as general contractor, entered into an agreement with both Tempest and Rose, as owners, whereby Shamrock agreed to construct a new building on East 121st Street, New York, New York, and respondents agreed to pay Shamrock the lump sum price of $3,285,000.00 (hereinafter referred to as the "Contract").[1]

After the Contract was executed, Shamrock diligently performed its work thereunder.  In addition, as a result of numerous changes that respondents made to the plans and the contract scope, Shamrock performed additional and extra work under the Contract at the specific instance and direction of the respondents.

---

[1]    A copy of the court's order and judgment, dated May 16, 2006, is annexed hereto as Exhibit "1."

<u>ARGUMENT</u>

POINT I

<u>SHAMROCK IS ENTITLED TO AN AWARD AGAINST BOTH
ROSE REALTY AND TEMPEST REALTY, AS OWNERS</u>

As previously stated, the Supreme Court of the State of New York has already determined
that both Rose Realty and Tempest Realty are owners under, and therefore are parties to, the
contract with Shamrock. (See attached judgment dated May 16, 2006 at page 6.) Thus, every
reference to "Owner" in the parties contract (Exhibit C-4) necessarily includes <u>both</u> Rose Realty
and Tempest Realty. Therefore, Shamrock is entitled to an award against both Rose Realty and
Tempest Realty, as the Owner of this Project, for the monies due under the contract.

Respondents' repeated arguments during the hearings that Tempest Realty, which
concededly owns real property lots on which the building was constructed by Shamrock (see also
Exhibits C-1 and C-2), was not an active participant in the Project have already been rejected by
the Court. Thus, Respondents' arguments are irrelevant and merely seek to reargue the law of
the case as determined by the Court. Also, respondents' claims regarding the circumstances
under which the contract was executed (which facts are disputed by Shamrock) are immaterial as
the contract is a binding, legal document signed by both Mr. Moloney and Mr. Burke, and
respondents have never sought to rescind or repudiate same.

Moreover, as the evidence presented at the hearings demonstrates, it was Mr. Moloney
who administered and controlled this Project on behalf of the Owners. It was impossible to
determine whether Mr. Moloney, at any given time, was acting on behalf of Rose Realty,
Tempest Realty, Liffey Van Lines, or one of his other entities. For example, Liffey Van Lines,
not Rose Realty or Tempest Realty, contracted with the architect for the Project. (Exhibit C-

104).  However, all dealings by Shamrock with the Owners of the Project were with Mr. Moloney personally.  Mr. Moloney even paid Shamrock out of various checking accounts. (Exhibit C-103.)

Therefore, any award issued to Shamrock in this proceeding should be against Rose Realty and Tempest Realty, jointly and severally.

POINT II

### SHAMROCK IS ENTITLED TO PAYMENT FOR EXTRA WORK, EVEN THOUGH CHANGE ORDERS ARE NOT IN WRITING

It is undisputed that Shamrock performed all of the extra and additional work outlined in its change order log.  (Exhibit C-18).  It is also undisputed that many of the extra and additional work items were performed by Shamrock as a result of changes made to the contract plans. There is no dispute that Shamrock constructed the Project in accordance with the revised plans. Moreover, it is undisputed that Shamrock's actual cost to perform each item of such extra and additional work is the amount reflected in its change order log.  Respondents offered no evidence to refute any of the foregoing facts!

Instead, the only evidence presented by respondents was the conclusory testimony given by Mr. Moloney in which he claimed that he told Shamrock that there were to be "no extras" on the Project.  This testimony was directly contradicted by both Seamus Burke and Jack Morehouse of Shamrock, who noted that Mr. Moloney personally made numerous changes to the plans and contract scope, resulting in additional and extra work being performed by Shamrock.  They further described conversations with Mr. Moloney on several, different occasions where he told them to do the extra work and that he would "settle up" with Shamrock at the end of the Project. Mr. Burke also testified that he met with Mr. Moloney on more than one occasion and together

4

they reviewed Shamrock's then-current change order log.  (See, e.g., Exhibit C-17.)

Although Article 12.1 of the Contract states that changes in the work shall be authorized by written change order, Shamrock is entitled, under firmly-established law, to payment for the additional and extra work it performed, notwithstanding the lack of written change orders.

The law in New York is well settled that where a written contract provides that it can only be modified by a writing, an oral modification to the written contract is valid and enforceable if there has been partial performance "unequivocally referable" to the oral modification.  Rose v. Spa Realty Assocs., 42 N.Y.2d 338, 343-344, 397 N.Y.S.2d 922 (1977).

Following this principle, the courts have repeatedly held that a contractor is entitled to payment for extra work, orally directed, outside the scope of the contract, notwithstanding a contract provision that a claim for extra work must be supported by written authorization.  See Barsotti's, Inc. v. Consolidated Edison Co. of New York, Inc., 254 A.D.2d 211, 212, 680 N.Y.S.2d 88, 89 (1st Dep't. 1998), ("Under New York law, oral directions to perform extra work, or the general course of conduct between the parties, may modify or eliminate contract provisions requiring written authorization"), quoting United States for Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp., 890 F.Supp. 1213, 1220 (S.D.N.Y. 1995), aff'd in relevant part, 95 F.3d 153 (2d Cir. 1996); Hedden Const. Co. v. Rossiter Realty Co., 136 A.D. 601, 121 N.Y.S. 64 (1st Dep't. 1910), aff'd., 202 N.Y. 522, 95 N.E. 1130 (1911) (where plans are revised, contractor is entitled to furnish the extra work specified in the revised plans and specifications and to recover compensation therefor, despite the lack of compliance with the contract's requirement that extras be authorized in writing); Austin v. Barber, 227 A.D.2d 826, 828, 642 N.Y.S.2d 972, 974 (3d Dep't. 1996) (contractor was entitled to compensation for orally requested changes and extra work, notwithstanding contract provision requiring written orders for same);

5

Weaver v. Acampora, 227 A.D.2d 727, 728, 642 N.Y.S.2d 339, 341 (3d Dep't. 1996) (property owners waived their right to insist upon compliance with requirement that change orders be in writing, by orally requesting various changes and accepting work performed by contractor pursuant to the oral requests); La Rose v. Backer, 11 A.D.2d 314, 319-320, 203 N.Y.S.2d 740, 746 (3d Dep't. 1960) ("when the owner knowingly receives and accepts the benefits of extra work orally directed by himself and his agents, the owner is equitably bound to pay the reasonable value thereof, notwithstanding the provisions of his contract that any extra work must be supported by a written authorization signed by the owner, such conduct working a waiver of that requirement.").

Here, respondents waived any right they may have had to insist that change orders be in writing prior to the work being performed or paid for, by orally requesting the performance of additional, extra and change order work, having their architect and structural engineer revise the contract plans and furnish same to Shamrock, consenting to Shamrock's performance of said work and accepting the work performed by Shamrock.

Furthermore, the evidence presented at the hearings demonstrates that the course of conduct between the parties was such that most communications between the principals were oral and that additional and extra work was typically requested by the Owner, orally.  In fact, it was the respondents who failed to comply with the Contract when Mr. Moloney verbally ordered changes to Shamrock's work without issuing a written Construction Change Directive as required by Paragraph 12.1 of the Contract.  (Exhibit C-4).

Finally, all parties conceded that Mr. Moloney and Seamus Burke had a prior social and professional relationship.  Both admitted that they were friends and Mr. Burke described his prior social and business interactions with Mr. Moloney.  Mr. Burke also testified as to a prior

6

construction project in Mahopac, New York, on which Mr. Moloney, as owner, orally requested that Shamrock perform additional and extra work and subsequently paid Shamrock for said work without the use of signed, written change orders.

Mr. Burke also testified that with respect to the project at issue, he did not press Mr. Moloney for payment for the extra and additional work performed because respondents did not have their financing in order until late in the project (i.e., June 2004).  (Exhibit C-103.)

With respect to Shamrock's claims for extra work, the following is a reprint of Shamrock's change order log (Exhibit C-18, as amended) with references to the documentary evidence admitted at the hearings in support of each item of work:

| # | Description | Subcontractor | Amount | Relevant Exhibits |
|---|---|---|---|---|
| 1 | Steel tonage increase for load requirements | Liberty Steel | 24,050.00 | C-19, C-20, C-23, C-24, C-21, C-22, C-28 |
| 2 | CO#1, Added steel to increase elevator size | Liberty Steel | 3,700.00 | C-27, C-28 |
| 3 | CO#2, Cut holes in beams for sprinkler pipe | Liberty Steel | 3,900.00 | C-25, C-26, C-27, C-27A, C-28 |
|   |   |   |   |   |
| 4 | Permits, fees, redesign, etc. | Jae Ko & Associates | 19,750.00 | C-29, C-30 |
| 5 | Permits, fees, redesign, etc. | Outsource | 3,439.00 | C-31 |
| 6 | Permits, fees, redesign, etc. | EMR | 9,218.00 | C-32 |
| 7 | Permits, fees, redesign, etc. | DD Design Group | 10,259.00 | C-33 |
|   |   |   |   |   |
| 8 | CO#1, Increased service to 800 amp for elevator upgrade | Wamco Associates | 12,220.00 | C-34, C-35, C-36, C-38, C-37, C-41 |
| 9 | CO#2 description | Wamco Associates | 8,700.00 | C-39, C-41 |
| 10 | CO#3, Fire Alarm revisions | Wamco Associates | 9,800.00 | C-40, C-41 |
|   |   |   |   |   |
| 11 | Plumbing additions | Metrotech Mechanical | 12,600.00 | C-42, C-43, C-45 |
|   |   |   |   |   |
| 12 | Elevator increase from 4500lb to 11000lb | Otis Elevator | n/c | C-46, C-47, C-48, C-49 |
|   |   |   |   |   |

| | | | | |
|---|---|---|---|---|
| 13 | Re-work loading dock to accept new stair (CO#1) | Shannon Brothers | 4,730.00 | C-50, C-51, C-52 |
| 14 | CO#1 | Spectrum Glass | 8,180.00 | C-53, C-54, C-56 |
| 15 | See CO#1 | Dember Construction | 14,931.00 | C-57, C-59, C-13, C-15, C-16, C-62, C-65 |
| 16 | See CO#2 | Dember Construction | 17,821.00 | C-60, C-13, C-15, C-16, C-62, C-65 |
| 17 | See CO#3 | Dember Construction | 21,901.00 | C-61, C-13, C-15, C-16, C-62, C-65 |
| 18 | Additional drywall work per revised drawings | Dember Construction | 35,966.50 | C-57, C-63, C-65 |
| 19 | Dry Pipe sprinkler system | Capitol Fire Sprinkler | 6,500.00 | C-66, C-67, C-68 |
| 20 | CO#1, Roof insulation | Tailored Roofing | 4,260.00 | C-69, C-70, C-71 |
| 21 | See CO#1, install 8" channel in loading dock | Loading Dock, Inc. | 300.00 | C-72, C-73, C-74, C-75 |
| 22 | See CO#1 | Knickerbocker | 1,892.85 | C-76, C-77, C-78, C-79 |
| 23 | Enclosing buildings/labor & burden | Shamrock | 36,648.11 | C-80 |
| 24 | Enclosing buildings/travel/misc. materials | Shamrock | 4,074.84 | C-81 |
| | Total Change Order Cost | | 274,841.30 | |
| | 10% FEE | | 27,484.13 | |
| | 10% OVERHEAD | | 27,484.13 | |
| 25 | Sales Tax Charged on Materials | Selected Subcontractors | 66,736.00 | C-82 |

TOTAL $396,545.56

With respect to change order #1 above, the original architectural and structural drawings prepared by the respondents' design professionals called for a concrete loading dock with slight angles and a floor load of 20,000 lbs. (Exhibit C-5 - dwg S-3). As respondents' employee, Michael

8

Neville, conceded at the hearings, it was respondents' intention to have large, heavy trucks pull into the loading dock area, and, thus, the loading docks had to be configured to accommodate the larger trucks and the area had to be capable of withstanding large truck loads of 80,000 lbs. Thus, the architectural and structural drawings were revised by respondents' design professionals to call for a loading dock with steel infill and a floor load of 80,000 lbs. (Exhibit C-8 - dwgs S -1 and S-8, revised 3/1/04; Exhibit C-7 - compare dwg A-2 11/12/02, revised 4/28/04, revised 8/12/04). Shamrock's subcontractor thereafter had to add steel to accommodate the revised load requirements (Exhibit C-21).

The sum claimed for change order #1 above is calculated by taking the difference between the original price proposal ($546,000) given by Shamrock's subcontractor for the work based on the original drawings (see Exhibits C-19 and C-20) and the ultimate subcontract price ($570,050) agreed upon by the parties which includes the revised scope of work (see Exhibit C-22). The difference of $24,050 is actually less than what Shamrock's subcontractor had quoted for this extra work (Exhibit C-21).

With respect to change orders #2 and #8 above, because the elevator size was changed by Mr. Moloney from a 4500 pound capacity elevator (as per paragraph 14 of exhibit B to the parties' contract - Exhibit C-4) to an 11,000 pound capacity elevator (Exhibits C-46 and C-47; see also Exhibit C-7 - dwg A-7, revised 11/24/03), additional steel was required to install 12" channels to which the pistons would attach (change order #2 above - Exhibit C-27) and the electrical service had to be increased from 600 to 800 amps (Exhibits C-35, C-36, C-37 and C-38).

Regarding change order #3 above, Shamrock had to have its subcontractor Liberty Steel cut holes in the steel beams in the new building so that the fire sprinkler main could be raised in order

to provide additional head height clearance as requested by Mr. Moloney. (Exhibits C-25, C-26, C-27 and C-27A). The original structural drawings did not show any such penetrations required, and thus, the sprinkler pipes were originally designed to hang below the beams. (Exhibit C-5). The photographs offered at the hearings by respondents (Exhibits Q-1 through Q-9) do not bear on this issue as they conveniently do not show the fire sprinkler main.

The work covered by change orders #2 and #3 above was performed by Liberty Steel pursuant to a signed, written change order with Shamrock (see co. #1, dated 6/28/04 as part of Exhibit C-28) and Liberty billed Shamrock for the change order work performed. (See Liberty's application for payment for 2/2/04-7/5/04 - Exhibit C-28).

With respect to change orders #4-7 above, all permits, fees and design services (except for the redesign of exterior walls and gutter drainage) were excluded from Shamrock's contract. (See Exhibit C-4 at page 1, paragraph 1 (General Conditions) and page 4 (Clarifications and Exclusions) of exhibit B to the Contract). Shamrock has paid the consultants the amounts claimed in this proceeding. (Exhibits C-29, C-30, C-31, C-32 and C-33).

It is undisputed that the interior layout of the building changed on multiple occasions. In fact, the respondents' architect revised the plans on more than one occasion to reflect said changes. (Exhibit C-7 - various revisions to architectural plans). Mr. Moloney acknowledged that what was actually built by Shamrock was what he had wanted (Tr. 2/1, p. 206) and the photographs offered by respondents (Exhibits R-1 through R-3) confirm that what was built by Shamrock was different from that shown on the original plans. These changes resulted in various items of additional work being performed by Shamrock's subcontractors. For example, Wamco Associates was required to perform additional electrical work (change order #9 above - Exhibit C-39) and fire alarm work

(change order # 10 above - Exhibit C-40).[5]  Additional bathroom fixtures which were added to the original contract drawings were included in Metrotech Mechanical's subcontract.  (Change order #11 above - Exhibits C-42 and C-43; see also revised architectural plans - Exhibit C-7).  Various doors, windows, frames and walls were also changed and Spectrum Glass performed said changed work at an extra cost.  (Change order #14 above- Exhibit C-54).

The interior drywall partition work was changed in the first revised set of architectural plans dated November 24, 2003.  (Exhibit C-7).  These revised plans were then used to subcontract out the work to Dember Construction.  (Exhibit C-57).  The reasonable value of that changed work (change order # 18 above) was estimated by Shamrock's construction cost estimating expert, Jay Weatherly, to be $35,966.50.  (Exhibit C-63).  His estimate was never challenged by Respondents.

Respondents made additional, significant interior layout changes (Exhibits C-7, C-13, C-15, C-16 and C-62) after Shamrock entered into its subcontract with Dember, which Dember performed pursuant to signed, written change orders.  (Change orders #15, 16 and 17 above - Exhibits C-59, C-60 and C-61).

Mr. Morehouse testified, without contradiction by respondents, that Shamrock's subcontractor, Shannon Brothers, also was required to perform several items of extra work due to various changes made by Mr. Moloney.  Shannon Brothers performed this extra work pursuant to a signed, written change order.  (Change order #13 above - Exhibit C-51.)

With respect to change order #19 above, Shamrock's contract with the respondents included

---

[5]    At the hearing on February 1, 2007, Bill Moser of Wamco confirmed that Wamco had indeed performed the three items of extra work reflected in Shamrock's change order log (Exhibit C-18 - change orders # 8, 9 and 10 above) and that Wamco had charged Shamrock the amounts indicated.

an interior wet pipe fire sprinkler. (See Exhibit C-4 - para. 15 on page 3 of 4 of exhibit B). As an alternate, Shamrock's subcontractor had quoted an additional charge of $6,500 to install a dry system in the first floor loading area. (Exhibit C-66 - page 3 of 5). Mr. Moloney subsequently requested that a dry system be installed in that area and, thereafter, it was installed. (Exhibit C-67).

Shamrock's witnesses gave unrefuted testimony that Mr. Moloney had changed the type of roof system to be installed at the lower roof in the rear of the new building from a built-up roof system pitched with gutters to a flat roof with roof drains. These changes resulted in Shamrock's subcontractor having to install tapered insulation in that area so as to slope the roof towards the drains. This work was performed by Tailored Roofing pursuant to a signed, written change order with Shamrock. (Change order #20 above - Exhibit C-70).

Change orders # 21 and #22 are for smaller amounts and are self-evident from the exhibits identified in the above chart.

With respect to change orders #23 and #24 above, it is also undisputed that Shamrock performed the labor to connect the new building to the existing buildings owned by respondents in the rear. This work was clearly outside the scope of the original contract and was not shown on any of the plans. (Exhibits C-4 and C-5). The unrefuted testimony of Michael Burke was that Mr. Moloney supplied the majority of the materials and directed him and his crew as to what work to perform. The cost of the labor supplied by Shamrock was $36,648.11. (Exhibit C-80). Additionally, miscellaneous materials and travel costs were incurred totaling $4,074.84. (=$3079.77 + $995.07 from Exhibit C-81).

The testimony that a markup of 10% for overhead and 10% for profit on all of Shamrock's change orders is fair and reasonable and common in the industry was also not disputed by

12

respondents.

## POINT III

### SHAMROCK IS ENTITLED TO RECOVER SALES TAX

Shamrock entered into the Contract and, specifically, agreed to the lump sum price of $3,285.000.00, in reliance upon respondents' representation that they and this project were exempt from taxes.  In fact, the Contract expressly provides, at Article 8.5: "Owner responsible for all taxes or supply tax exempt number."  However, respondents failed to provide a tax exempt certificate.

As a result, Shamrock was forced to pay sales tax charged by its subcontractors and suppliers in the amount of $66,736.00,[6] for which respondents have failed and refused to reimburse Shamrock.[7]

Therefore, Shamrock is entitled to recover this sum from respondents.

The testimony of Richard Imprescia, a witness called by respondents, while enlightening as to the confusing regulations concerning a qualified enterprise zone, should not serve to alter the express agreement between the parties that respondents are responsible for the taxes.  While Mr. Imprescia testified that ordinarily the person who pays the taxes is the one entitled to seek a refund from the State, in this case, the burden of paying the taxes falls squarely on respondents.  It is _they_ who should reimburse Shamrock for the taxes paid and it is _they_ who should then seek a refund from the State.

---

[6]    The _actual_ amount of sales tax that Shamrock has paid is substantially _higher_, but this is the sum for which Shamrock has been able to obtain back-up documentation.

[7]    Respondents' obligation to reimburse Shamrock for these taxes in the sum of $66,736.00 appears as change order #25 in the above change order log.

13

Nevertheless, regardless of which party is responsible for applying for a refund, as Mr. Imprescia made clear, the refund is only applicable to the New York state portion of the sales tax (= 4%). Thus, under any argument, Shamrock has paid the non-state portion of the sales tax for which it cannot seek any refund. Clearly, under the terms of the parties' contract, the respondents should be liable to Shamrock for same.

The following is a summary of the sales tax payments made by Shamrock to only some of its subcontractors (i.e., an abbreviated, modified version of Exhibit C-82) with references to documentary evidence in support of each item. These figures were not challenged by respondents. An additional column has been added showing the calculation of the non-state (New York) sales tax portion only (for which, even the respondents concede, Shamrock cannot obtain a refund).

| Selected Subcontractors | Work Performed | Contract | Materials | Sales Tax | Relevant Exhibits | Non-State (NY) Sales Tax Portion |
|---|---|---|---|---|---|---|
| Shannon Brothers Contracting | Masonry (Brick) | 112,111 | 33,000 | 2,805 | C-83 | 1,485 |
| Liberty Steel | Structural Steel | 570,050 | 375,879 | 20,521 | C-84, C-22 (p.1, exhibit B) | 20,521* |
| Tailored Roofing, Inc. | EPDM Roofing | 68,444 | 28,180 | 2,464 | C-85, C-99 | 1,339 |
| J.C. Plastering | EIFS | 116,900 | 24,582 | 2,145 | C-86, C-87 | 1,162 |
| Dember Construction, Inc. | Metal studs/Drywall/ Insulation/HM | 302,653 | 90,795 | 7,490 | C-89 | 3,859 |
| Spectrum Glass, Inc. | Doors/Windows | 66,180 | 40,061 | 2,404 | C-90, C-53 | 2,404* |
| Janus International Corp. | Interior partitions | 11,480 | 6,831 | 589 | C-91 (p. 1, exhibit B) | 589* |
| Otis Elevator Company | Elevator | 150,000 | 73,382 | 6,054 | C-93, C-47 (p.1) | 3,119 |
| Capital Fire Sprinkler Co. | Fire protection | 145,123 | 96,749 | 8,441 | C-82, C-67 | 4,571 |
| Metrotech Mechanical Corp. | Plumbing | 61,500 | 20,000 | 1,650 | C-98 | 850 |

---

* Subcontractor is located outside New York State. No New York State sales tax paid.

| | | | | | | |
|---|---|---|---|---|---|---|
| Wamco Associates, Inc. | Electrical | 205,722 | 137,149 | 11,966[8] | C-82, C-34 | 6,480 |
| Int'l Fireproof Door | Door | - | 1,282 | 102 | C-94 | 55 |
| W.W. Grainger, Inc. | 36 in. exhaust fan | - | 1,327 | 105 | C-95 | 105* |
| TOTALS | | $1,981,600 | $932,217 | $66,736 | | 46,539 |

Recovery of the amount of sales tax paid is available to Shamrock under theories of breach of contract (since the Contract expressly provides that respondents are "responsible for all taxes") as well as reformation of contract. It is well settled that a contract may be reformed where there has been a mistake or fraud. See Kadish Pharmacy, Inc. v. Blue Cross Blue Shield of Greater N.Y. Inc., 114 A.D.2d 439, 494 N.Y.S.2d 354, 355 (2d Dep't. 1985); Migliore v. Manzo, 28 A.D.2d 620, 621, 813 N.Y.S.2d 762, 764 (2d Dep't. 2006); Joseph Davis, Inc. v. Tully, 76 A.D.2d 946, 947, 428 N.Y.S.2d 747, 749 (3d Dep't. 1980).

Here, the Contract was executed based upon either the parties' mutual mistake as to respondents' tax exempt status or respondents' fraudulent misrepresentation as to their tax exempt status. Clearly, if Shamrock had known that respondents were not exempt from taxes and, consequently, that Shamrock would be required to pay sales taxes to its subcontractors, it would not have agreed to the lump sum price of $3,285,000.00. Therefore, the Contract should be reformed to add sales tax in the amount of $66,736.00 to the contract price (or at the very least, $46,539, representing the non-New York state sales tax portion).

---

[8]    In his testimony on February 1, 2007, Bill Moser of Wamco Associates estimated that the total sales tax due on account of the materials supplied under Wamco's base subcontract was approximately $5,000. (Tr, p.22, see also Exhibit R-P.)

POINT IV

<u>SHAMROCK IS ENTITLED TO RECOVER ITS ATTORNEY'S FEES AND COSTS</u>

It is respectfully submitted that Shamrock, which, for the foregoing reasons, should be found to be the prevailing party, should also be awarded its reasonable attorneys' fees due to the fact that both parties in the proceeding have demanded fees.

Rule 44(d) of AAA's Construction Industry Arbitration Rules and Mediation Procedures (Including Procedures for Large, Complex Construction Disputes) unequivocally states that "[t]he award of the arbitrator may include interest at such rate and from such date as the arbitrator may deem appropriate; <u>and an award of attorneys' fees if all parties have requested such an award</u> or it is authorized by law or their arbitration agreement." (Emphasis added.) It is to be noted that the Appellate Division, First Department has specifically held that based upon the AAA's rules, it is entirely appropriate for an AAA arbitrator to award attorneys' fees if both parties request attorneys' fees (even if there is no attorneys' fees provision in the parties' agreement). <u>Warner Bros. Records, Inc. v. PPX Enterprises, Inc.</u>, 7 A.D.3d 330, 776 N.Y.S.2d 269 (1st Dep't 2004). In <u>Warner Bros.</u>, the First Department provided the following rationale for its holding:

> The agreement between the parties did not specifically provide for attorneys' fees in the event of a dispute, but the arbitration clause did incorporate the Commercial Arbitration Rules of the American Arbitration Association. Rule 45(d) authorizes an award of attorneys' fees where, for example, all parties have requested such an award. Inasmuch as both sides are on record as having requested attorneys' fees, the award was appropriate.

<u>Id.</u>

In the case at bar, it is clear that both parties included express demands for attorneys' fees in their claims. Moreover, at least two months after the arbitration hearings had already commenced,

16

and just days prior to the final arbitration hearing day, respondents amended their counterclaim and again demanded that they be awarded attorneys' fees. Thus, it cannot reasonably be disputed that both parties have repeatedly demanded attorneys' fees in this proceeding.

Consequently, it is respectfully submitted that Shamrock should be awarded its reasonable attorneys' fees. In this regard, as demonstrated by the accompanying affidavit of legal services, Shamrock's reasonable attorneys' fees and disbursements total $79,961.74.

Lastly, since Shamrock clearly should be found to be the prevailing party in this proceeding, pursuant to Rule 44(c), the arbitrator should also find that respondents are liable for all fees, expenses, and arbitrator compensation in connection with the within proceeding and that they should reimburse Shamrock for all sums paid as fees, expenses, and arbitrator compensation.

Accordingly, it is respectfully submitted that the arbitrator should (i) award Shamrock reasonable attorneys' fees, (ii) require respondents to pay all fees, expenses, and arbitrator compensation in connection with the within proceeding and (iii) require respondents to reimburse Shamrock for all fees, expenses, and arbitrator compensation it (Shamrock) has already paid.

POINT V

## RESPONDENTS HAVE NOT PROVEN ANY OF THEIR COUNTERCLAIMS OR OFFSETS

The respondents have failed to offer <u>any</u> evidence in support of their counterclaims for defective, incomplete or damaged work. Most noteworthy was the <u>complete absence</u> of any proof of damages allegedly suffered by respondents.

With respect to the counterclaim that five (5) of Shamrock's subcontractors have filed mechanic's liens against the respondents' property, respondents inexplicably fail to account for the undisputed proof that the lien filed by R.P Decking was previously paid and satisfied in 2004. (<u>See</u>

17

check to R.P. Decking, included in Exhibit C-28). Regarding the other four (4) liens, they have all expired by operation of law. While all of the liens were timely extended for one (1) year in 2005, none of them has been foreclosed upon or further extended by court order. (See NY County Judgment Docket and Lien Book Search Summaries dated 3/15/07 attached hereto as Exhibit "2" showing that none of the liens (with the exception of Shamrock's lien) has been extended or foreclosed. See also, attached hereto, as Exhibit "3", is NY County Civil Index Inquiries as of 3/15/07 confirming that no action(s) to foreclose or extend the liens has(ve) been commenced.) Lien Law §17 states that a mechanic's lien which has been extended for one (1) year expires unless within that year, an action to foreclose the lien has been commenced or a court order is obtained extending the lien for an additional one (1) year. Since neither a foreclosure action has been commenced nor a court order has been obtained within one year of the filing of each lien extension, all four (4) liens have expired.

Nevertheless, Shamrock's controller, Greg Barnes, explained that these four subcontractors have not been paid, not only because respondents have not paid Shamrock in full, but also because of the open claims for extras and sales tax which are the subject of this proceeding. For example, Dember Construction claims the sum of $30,265.30 in its lien, yet there are three (3) change orders relating to Dember's work totaling in excess of $53,000 which are the subject of this dispute.

Respondents are also not entitled to recovery on their belated claim for liquidated damages. Respondents' initial claims did not seek liquidated damages from Shamrock. Prior to the last hearing date, Respondents filed an amended counterclaim seeking $100.00 per day for failure to complete the work on time.

The parties' contract (Exhibit C-4) states that the work was to be substantially completed not

18

later than 150 days from the date of commencement. Paragraph 2.1 defined the date of commencement, in part, as three weeks after final approval of structural steel shop drawings. The undisputed testimony at the hearings was that the steel drawings were approved on January 4, 2004 (Exhibit C-8), thus establishing the date of commencement as January 25, 2004. As a result, the work was scheduled to be substantially completed by no later than approximately June 25, 2004.

Jack Morehouse of Shamrock testified that the work under the contract was substantially complete no later than the date of inspection and sign-off of the elevator, which was September 24, 2004.[9] This event occurred approximately three months beyond the original 150-day contract duration.

Mr. Morehouse also testified, without any dispute by respondents, that the three-month delay from June 25, 2004 to September 24, 2004 was attributable to two causes: (1) a stop work order issued by the City in March 2004 because of respondents' failure to obtain necessary approval from the NYC-DEP (Exhibit C-102); and (2) the numerous and substantial changes made by the respondents to the contract work. (Exhibit C-18.) The stop work order was in effect for 34 days from March 23, 2004 (Exhibit C-102) to April 26, 2004 (Exhibit C-31 - Outsource invoice April 27, 2004). The multitude of changes by Mr. Moloney clearly justified the remaining two months of delay to the project.

On the contrary, respondents did not offer any evidence as to any specific project delays caused by Shamrock or its subcontractors.

---

[9]    Although respondents may not have obtained a certificate of occupancy for the premises until some time later, any delay in that regard was directly and solely attributable to Respondents' failure to obtain a sidewalk permit for work performed by another contractor hired by Respondents.

· 19

<u>CONCLUSION</u>

By reason of the foregoing, Shamrock requests an award in the sum of $417,085.56, plus interest at the rate of 9% from February 25, 2005, attorneys' fees and the costs and disbursements incurred in this proceeding.

Dated:   Mineola, New York
         March 27, 2007

Respectfully submitted,

Joseph P. Asselta, Esq.
AGOVINO & ASSELTA, LLP
Attorneys for Claimant,
Shamrock Building Systems, Inc.
170 Old Country Road, Suite 608
Mineola, NY  11501
(516) 248-9880

jpa\shamrock.rose.post-hearingbrief
pk 3/26/07

20

**Exhibit 1**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK : IAS PART 4**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Application of DANIEL MOLONEY, TEMPEST
REALTY CORP., LIFFEY VAN LINES, INC.,
and ROSE REALTY CORP.,

                                Index No.   103822/05

                                Motion Seq.   005

                        Petitioners,

For an Order Pursuant to Article 75 of          **JUDGMENT**
the New York Civil Practice Law and
Rules staying Arbitration of a certain
controversy at the American Arbitration
Association,

            -against-

SHAMROCK BUILDING SYSTEMS, INC.,

                        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**KIBBIE F. PAYNE, J.:**

In this CPLR article 75 proceeding, respondent Shamrock

Buildings Systems, Inc. (Shamrock) moves pursuant to CPLR 4403

for a judgment modifying the report of a special referee to

compel petitioners Tempest Realty, Liffey Van Lines, Inc. and

Rose Realty Corporation to proceed to arbitration.  Petitioners

cross-move to confirm the report.  For the reasons stated below,

this court grants Shamrock's motion to a limited extent, denies

the cross-motion and denies in part the petition to stay

arbitration.

Moloney is the president of Tempest Realty, Liffey Van Lines

and Rose Realty.  Tempest Realty has no employees, and Rose

Realty has three employees, including Moloney and his wife.  In

2003, Moloney and Shamrock, a general contractor, met to discuss the construction of a new building to be known as 234 East 121st Street, New York, New York. The planned structure was to sit on tax block 1785, lot numbers 34, 36, 37 and 38. Rose Realty owns lot 34, and Tempest Realty owns lot numbers 36, 37 and 38. Prior to the construction, 234 East 121st Street was a structure limited to lot 34.

On September 25, 2003, Shamrock and Moloney entered into an "Abbreviated Standard Form of Agreement Between Owner and Contractor . . ." for the project described as "234 East 121st Street, New York, New York." The contract's first page provided a space for the "name, address and other information" of "the Owner." Shamrock and Moloney left that information blank. On the contract's signature page, however, Moloney signed his name under the description "OWNER" (emphasis in original). Although the signature line asked for the signatory's "printed name and title," Moloney provided his name without any qualification.

The contract states that "[t]he Owner shall pay the Contractor [$3,285,000.00] in current funds for the Contractor's performance of the Contract." For its work, Shamrock received the majority of payments from Moloney personally, Liffey Van Lines, Rose Realty and non-party Donovan & Giannuzi, LLP, attorneys for Moloney. Correspondence between Moloney and Shamrock on the project referred to Moloney at both the offices

2

of Rose Realty or Liffey Van Lines.

After completion of the contract, a dispute arose regarding extra work payments. Pursuant to the arbitration provision in the contract, Shamrock commenced an arbitration proceeding before the American Arbitration Association against Moloney, individually, Tempest Realty, Liffey Van Lines and Rose Realty.[1] In response to the demand, petitioners commenced this CPLR article 75 proceeding, by order to show cause and petition, to permanently stay arbitration between them and respondent. Petitioners argued that the arbitration agreement exists between Rose Realty and Shamrock only, not between all petitioners and Shamrock. Petitioners reason that Rose Realty owned lot 34, known as 234 East 121st Street when the contract was executed, and therefore Moloney could not have signed the contract on behalf of any other corporate petitioner.

Petitioners' motion was held in abeyance, pending a special referee report on the following issues: (1) whether Moloney executed the construction contract as an individual and/or officer of one or more of the remaining petitioners and

---

[1] Article 9.10.4 of the contract provides in petinent part:

> "Claims, disputes and other matters in question arising out of or relating to the Contract that are not resolved by mediation . . . shall be decided by arbitration . . . ."

3

(2) whether a basis exists for imputing the intent to arbitrate
on Tempest Realty, Liffey Van Lines and Rose Realty (see TNS
Holdings, Inc. v MKI Securities Corp., 92 NY2d 335, 339 [1998]
[explaining, by analogy to the piercing of the corporate veil,
the limited circumstances where it is necessary for the court to
impute the intent to arbitrate to a nonsignatory of an agreement
to arbitrate]).[2]  The special referee report and recommendation,
among other things, concluded that Moloney executed the contract
on behalf of Rose Realty and, as conceded by Rose Realty, it is
bound to arbitrate.  Determining that Tempest Realty and Liffey
Van Lines where nonsignatories to the agreement, the referee
concluded that no grounds exist for subjecting them to
arbitration.

Shamrock now moves pursuant to CPLR 4403 to modify the
referee's report to add Tempest Realty and Liffey Van Lines as
parties bound by the contract, and to delete those portions of
the report purporting to find that certain work performed by
Shamrock fell outside the construction contract.  Shamrock does
not challenge the report's determination that Moloney did not
sign the contract in his individual capacity and that the
intention to arbitrate should not be imputed on Tempest Realty or

_____

[2]  The court referred an additional issue concerning
petitioner-intervenor Allied Van Lines, Inc.  However, Shamrock
and Allied Van Lines entered a stipulation of discontinuance with
prejudice, rendering that question academic.

4

That portion of the referee's report which determined that some of the work performed by Shamrock "was not done under the Agreement" and otherwise purported to determine the merits of the underlying dispute is struck as outside the scope of the reference and within the province of the arbitral tribunal.

Accordingly, it is

ORDERED that respondent's motion pursuant to CPLR 4403 to modify the referee's report is granted to the extent indicated above; and it is further

ORDERED that petitioners cross-motion pursuant to CPLR 4403 to confirm the referee's report is denied; and it is further

ORDERED that petitioners' underlying motion for a stay of arbitration pursuant to CPLR article 75 is granted to the extent that the arbitration is permanently stayed as to Daniel Moloney in his individual capacity and Liffey Van Lines, and the motion is otherwise denied; it is further

ORDERED that petitioners Rose Realty and Tempest Realty proceed to arbitration with Shamrock; and it is further

ORDERED that petitioner shall serve a copy of this judgment with notice of entry on the arbitral tribunal within 20 days of its entry.

The foregoing constitutes the decision and judgment of the court.

DATE:    **MAY 16 2006**                       _____
                                              Kibbie F. Payne, J.S.C.

UNFILED JUDGMENT
This judgment has not been entered by the County Clerk
and notice of entry cannot be served based hereon. To
obtain entry, counsel or authorized representative must
appear in person at the Judgment Clerk's Desk (Room
141B).

**Exhibit 2**

```
USER:  NEW YORK COUNTY CLERKS OFFICE NEW YORK          DATE:  03/15/
TERM:  PE88          MECHANICS LIEN BOOK INQUIRY        TIME:  11:55:0
               CONTROL NUMBER : 001880789 - 01

      *** DOCKETING DATA ***              *** SOURCE DOCUMENT ***
DOCKETING DATE: 08/02/2004                  TYPE: ML  MECHANICS LIEN
         TIME:  10:32:00                    COUNTY: 31  NEW YORK
EFFECTIVE DATE: 08/02/2004                  COURT: S   SUPREME COURT
         TIME:  10:32:00        TOTAL BLOCKS & LOTS: 01   UPDATED: N
CLERK/SEQ #   :  AKING     031      INDEX NUMBER: 5
                      *** PREMISES ***
            BLOCK #: 01785       LOT #: 00034
    ADDRESS  NUMBER: 234      STREET: E 121ST ST
            CITY : NEW YORK NY           ZIP CODE:  10035
                  *** OWNER/CORPORATION ***
NAME    FORMAT C  : ROSE REALTY CORP
                   *** LIENOR ***
NAME    FORMAT C  : R.P. DECKING LTD
    ADDRESS  NUMBER: 17408     STREET:  W ELIZABETH AVE
            CITY : GOODYEAR AZ           ZIP CODE:  85338

    AMOUNT:    $24500.00
ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF1- HELP, PF2- CANCEL PF8- 2ND PAGE, PF9-REPORT, ENTER- INQUIRE
```

*** LIENOR ATTORNEY ***
NAME    FORMAT C    :  JOSEPH A CAMARDO JR
  ADDRESS    NUMBER: 127      STREET:  GENESEE ST
         CITY : AUBURN NY              ZIP CODE:  13021

*** AGAINST WHOM CLAIMED ***
NAME    FORMAT C    :  K.S.M. ENTERPRISES,INC
  ADDRESS    NUMBER:        STREET:
         CITY :                     ZIP CODE:  00000

*** DISPOSITION DATA ***

DISPOSITION: Y
DATE: 09 / 28 / 2004     OPERATOR ID: ABOLT

REMARKS: Y   (Y OR N)


ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF2- CANCEL INQUIRE PF7- RETURN TO THE FIRST PAGE, ENTER- INQUIRE REC

Case 1:07-cv-03706-LBS Document 27 Filed 06/05/2007 Page 31 of 63

| DATE | REMARKS |
|---|---|
| 08022004 | AFFIDAVIT OF SERVICE FILED DOC#2428. |
| 09282004 | SATISFIED. |

PRESS:PF1- HELP, PF2- RETURN, PF7- SCR UP, PF8- SCR DOWN, CLEAR- RESHOW

```
USER:   NEWYORK  COUNTY CLERKS OFFICE   NEW YORK           DATE:   03/15/
TERM:   PE88        MECHANICS LIEN BOOK INQUIRY            TIME:   11:56:
              CONTROL NUMBER : 001961325 - 01

        *** DOCKETING DATA ***          *** SOURCE DOCUMENT ***
DOCKETING DATE: 02/24/2005                TYPE: ML   MECHANICS LIEN
             TIME: 11:53:00             COUNTY: 31   NEW YORK
EFFECTIVE DATE: 02/24/2005               COURT: S    SUPREME COURT
             TIME: 11:53:00      TOTAL BLOCKS & LOTS: 01   UPDATED: N
CLERK/SEQ #  :  LRICHARD  005           INDEX NUMBER: 264
                        *** PREMISES ***
             BLOCK #: 01785       LOT #: 00034
   ADDRESS   NUMBER: 234      STREET: EAST 121ST STREET
             CITY : NY NY                  ZIP CODE:  00000
                   *** OWNER/CORPORATION ***
NAME    FORMAT C  : ROSE REALTY INC AKA ROSE REALTY CORP
                        *** LIENOR ***
NAME    FORMAT C  : CSC OF NY INC
   ADDRESS   NUMBER:        STREET:  PO BOX 1026
             CITY : YONKERS NY          ZIP CODE:  10704

    AMOUNT:     $4000.00
ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF1- HELP, PF2- CANCEL PF8- 2ND PAGE, PF9-REPORT, ENTER- INQUIRE
```

MECHANICS LIEN INQUIRY CONTINUED
CONTROL NUMBER : 001961325 - 01

*** LIENOR ATTORNEY ***

NAME    FORMAT C   : N/A
   ADDRESS    NUMBER:            STREET:
              CITY  :                        ZIP CODE:  00000

*** AGAINST WHOM CLAIMED ***

NAME    FORMAT C   : SHAMROCK BUILDING SYSTEMS INC
   ADDRESS    NUMBER:            STREET:
              CITY  :                        ZIP CODE:  00000

*** DISPOSITION DATA ***

DISPOSITION:
DATE:      /       /            OPERATOR ID:

REMARKS: Y    (Y OR N)

ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF2- CANCEL INQUIRE PF7- RETURN TO THE FIRST PAGE, ENTER- INQUIRE REC

```
USER:  NEWYORK    COUNTY CLERKS OFFICE    NEW YORK    DATE:  03/15/2
     TERM:  PE88      JUDGMENT DOCKET AND LIEN BOOK SYSTEM      TIME:  12:00:0
                              REMARKS INQUIRY                  LAST PAGE: 000
 BOOK TYPE: 03                                  CONTROL NUMBER: 001961325 -

    DATE                              REMARKS
 02242005   AFFIDAVIT #519
 02142006 MECH LIEN CON'D FOT 1 YEAR BY EXTENSION FILED DOC #117.
```

---
---
---
---
---
---
---
---
---
---
---

PRESS: PF1- HELP,  PF2- RETURN,  PF7- SCR UP,  PF8- SCR DOWN,  CLEAR- RESHOW

```
USER:  NEW YORK  COUNTY CLERKS OFFICE   NEW YORK          DATE:  03/15/2
TERM:  PE88         MECHANICS LIEN BOOK INQUIRY            TIME:  12:00:4
            CONTROL NUMBER : 001963150 - 07

        *** DOCKETING DATA ***          *** SOURCE DOCUMENT ***
DOCKETING DATE: 02/28/2005                    TYPE:  ML   MECHANICS LIEN
          TIME:  03:22:00                   COUNTY: 31   NEW YORK
EFFECTIVE DATE: 02/28/2005                    COURT:  S   SUPREME COURT
          TIME:  03:22:00       TOTAL BLOCKS & LOTS: 10   UPDATED: N
CLERK/SEQ #  :  SBOONE    021         INDEX NUMBER: 000543
                    *** PREMISES ***
          BLOCK #: 01785     LOT #: 00034
ADDRESS   NUMBER: 228234    STREET:  E 121ST ST
          CITY : NY NY                   ZIP CODE:  00000
                *** OWNER/CORPORATION ***
NAME    FORMAT C  : ROSE REALTY CORP
                    *** LIENOR ***
NAME    FORMAT C  : SHAMROCK BUILDING SYSTEMS INC
  ADDRESS   NUMBER: 5825    STREET:  GORE PL
          CITY : AUSTELL GA              ZIP CODE:  30106

  AMOUNT:    $600000.00
ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF1- HELP, PF2- CANCEL PF8- 2ND PAGE, PF9-REPORT, ENTER- INQUIRE
```

MECHANICS LIEN INQUIRY CONTINUES
CONTROL NUMBER : 001963150 - 07

*** LIENOR ATTORNEY ***
NAME    FORMAT C   : AGOVINO & ASSELTA LLP
ADDRESS    NUMBER: 170    STREET:  OLD COUNTRY RD STE 608
CITY : MINEOLA NY            ZIP CODE:  11501

*** AGAINST WHOM CLAIMED ***
NAME    FORMAT C   : ROSE REALTY CORP
ADDRESS    NUMBER:        STREET:
CITY :            ZIP CODE:  00000

*** DISPOSITION DATA ***

DISPOSITION:
DATE:      /      /          OPERATOR ID:

REMARKS: Y    (Y OR N)


ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF2- CANCEL INQUIRE PF7- RETURN TO THE FIRST PAGE, ENTER- INQUIRE REC

```
    USER: NEWYORK*   COUNTY CLERKS OFFICE NEW YORK    DATE:   03/15/
    TERM:   PE88       JUDGMENT DOCKET AND LIEN BOOK SYSTEM    TIME:   12:03/
                              REMARKS INQUIRY                LAST PAGE: 00
 BOOK TYPE: 03                                  CONTROL NUMBER: 001963150

    DATE                              REMARKS
 02282005 LIEN ADDRESS: 228-234, 238-242 E 121ST STREET NY NY
 02282005 OWNERS: ROSE REALTY CORP; TEMPEST REALTY CORP; LIFFEY VAN LINES IN
 02282005 ALLIED VAN LINES
 02282005 AFFIDAVIT #541
 02222006  LIEN EXTENDED FOR 1YR DOC#175.
 02162007 MECHANIC LIEN EXTENDED ONE YEAR BY ORDER OF JUSTICE WILLIAM J DAVI
 02162007 SIGNED AND DATED 2/16/2007,INDEX # 101628/07, DOC # 165
```

PRESS:PF1- HELP, PF2- RETURN, PF7- SCR UP, PF8- SCR DOWN, CLEAR- RESHOW

```
USER:  NEWYORK   COUNTY CLERKS OFFICE   NEW YORK        DATE:  03/15/
TERM:  PE88        MECHANICS LIEN BOOK INQUIRY          TIME:  12:04:
              CONTROL NUMBER : 001963379 - 01

        *** DOCKETING DATA ***          *** SOURCE DOCUMENT ***
DOCKETING DATE: 03/02/2005            TYPE: ML   MECHANICS LIEN
           TIME: 12:38:00             COUNTY: 31   NEW YORK
EFFECTIVE DATE: 03/02/2005            COURT: S    SUPREME COURT
           TIME: 12:38:00     TOTAL BLOCKS & LOTS: 01   UPDATED: N
CLERK/SEQ #  :  LRICHARD  009         INDEX NUMBER: 559
                   *** PREMISES ***
            BLOCK #: 01785       LOT #: 00034
    ADDRESS   NUMBER: 234    STREET: EAST 121ST STREET
            CITY : NY NY              ZIP CODE:  00000
                *** OWNER/CORPORATION ***
NAME    FORMAT C  : ROSE REALTY INC AKA ROSE REALTY CORP
                   *** LIENOR ***
NAME    FORMAT C  : DEMBER CONSTRUCTION
    ADDRESS   NUMBER: 54-30   STREET:  44TH STREET
            CITY : MASPETH NY         ZIP CODE:  11378

    AMOUNT:   $30265.30
ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF1- HELP, PF2- CANCEL PF8- 2ND PAGE, PF9-REPORT, ENTER- INQUIRE
```

```
                    MECHANICS LIEN INQUIRY CONTINUED
                 CONTROL NUMBER : 001963379 - 01

                      *** LIENOR ATTORNEY ***
  NAME    FORMAT C   : N/A
    ADDRESS    NUMBER:              STREET:
             CITY  :                         ZIP CODE:  00000


                    *** AGAINST WHOM CLAIMED ***
  NAME    FORMAT C   : SHAMROCK BUILDING SYSTEMS, INC
    ADDRESS    NUMBER:              STREET:
             CITY  :                         ZIP CODE:  00000


                    *** DISPOSITION DATA ***

              DISPOSITION:
              DATE:     /       /          OPERATOR ID:


                REMARKS: Y    (Y OR N)


ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF2- CANCEL INQUIRE PF7- RETURN TO THE FIRST PAGE, ENTER- INQUIRE REC
```

```
USER:                NEWYORK  COUNTY  CLERKS  OFFICE  -  NEW  YORK      DATE:  03/15/:
TERM:   PE88         JUDGMENT DOCKET AND LIEN BOOK SYSTEM              TIME:  12:06::
                                REMARKS INQUIRY                        LAST PAGE: 00
BOOK TYPE: 03                                             CONTROL NUMBER: 001963379 -

   DATE                               REMARKS
03022005 AFFIDAVIT # 559
02282006 LIEN EXTENDED FOR 1YR DOC#217.
```

---

PRESS:PF1- HELP,  PF2- RETURN,  PF7- SCR UP,  PF8- SCR DOWN,  CLEAR- RESHOW

```
USER:  NEW YORK  COUNTY CLERKS OFFICE  NEW YORK      DATE: 03/15/2
TERM:   PE88       MECHANICS LIEN BOOK INQUIRY            TIME:  12:07:4
             CONTROL NUMBER : 001966140 - 01

        *** DOCKETING DATA ***        *** SOURCE DOCUMENT ***
DOCKETING DATE: 03/11/2005              TYPE: ML   MECHANICS LIEN
          TIME: 12:23:00             COUNTY: 31   NEW YORK
EFFECTIVE DATE: 03/11/2005             COURT: S   SUPREME COURT
          TIME: 12:23:00     TOTAL BLOCKS & LOTS: 01   UPDATED: N
CLERK/SEQ #  :  LRICHARD 019        INDEX NUMBER: 659
                    *** PREMISES ***
             BLOCK #: 01785    LOT #: 00034
   ADDRESS  NUMBER: 234    STREET: EAST 121ST STREET
            CITY : NY NY             ZIP CODE: 00000
                 *** OWNER/CORPORATION ***
NAME  FORMAT C  : ROSE REALTY INC. AKA ROSE REALTY CORP
                    *** LIENOR ***
NAME  FORMAT C  : CAPITOL FIRE SPRINKLER CO.,INC
   ADDRESS  NUMBER: 51-51   STREET: 59TH PLACE
            CITY : WOODSIDE NY         ZIP CODE: 11377

   AMOUNT:   $14612.31
ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF1- HELP, PF2- CANCEL PF8- 2ND PAGE, PF9-REPORT, ENTER- INQUIRE
```

Case 1:07-cv-03706-LBS   Document 27   Filed 06/05/2007   Page 42 of 63

```
USER: NEWYORK   COUNTY CLERKS OFFICE - NEW YORK      DATE: 03/15/2
   TERM:  PE88      JUDGMENT DOCKET AND LIEN BOOK SYSTEM     TIME:  12:09:0
                            REMARKS INQUIRY                 LAST PAGE: 000
BOOK TYPE: 03                                      CONTROL NUMBER: 001966140 -

     DATE                              REMARKS
   03112005   AFFIDAVIT # 641
   03082006 EXTENSION FILED DOC # 296
```

PRESS:PF1- HELP, PF2- RETURN, PF7- SCR UP, PF8- SCR DOWN, CLEAR- RESHOW

Case 1:07-cv-03706-LBS    Document 27    Filed 06/05/2007    Page 43 of 63

|         DATE         |                  REMARKS                  |
|----------------------|-------------------------------------------|
| 03162005 | AFFIDAVIT#678 |
| 03132006 | MECH LIEN CON'D FOR 1 YEAR BY EXTENSION FILED DOC #325. |

PRESS: PF1- HELP, PF2- RETURN, PF7- SCR UP, PF8- SCR DOWN, CLEAR- RESHOW

CONTROL NUMBER : 001967452 - 01

```
                      *** LIENOR ATTORNEY ***
NAME     FORMAT C   : N/A
   ADDRESS     NUMBER:              STREET:
              CITY :                        ZIP CODE:   00000

                    *** AGAINST WHOM CLAIMED ***
NAME     FORMAT C   : SHAMROCK BUILDING SYSTEMS INC
   ADDRESS     NUMBER:              STREET:
              CITY :                        ZIP CODE:   00000

                    *** DISPOSITION DATA ***

           DISPOSITION:
           DATE:      /        /          OPERATOR ID:


             REMARKS: Y    (Y OR N)


ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF2- CANCEL INQUIRE PF7- RETURN TO THE FIRST PAGE, ENTER- INQUIRE REC
```

**Exhibit 3**

SUPREME COURT - STATE OF NEW YORK
OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT | PLAINTIFF | VS. | DEFENDANT | ---I N D E X--- |
|---|---|---|---|---|
| I/M | | | | YEAR NUMBER SEQ |
| | CSC CLEARING CORP | | PORT AUTHORITY OF N Y & N J | 1994 105421 00: |
| | CSCEC INCORPORATED | | CAL MART CONSTRUCTION CORP | 1990 024111 000 |
| | CSCEC US INCORPORATED | | MUTUAL LIFE INS CO OF N Y | 1990 015548 000 |
| | CSCEC US INCORPORATED | | CAL MART CONSTRUCTION CORP | 1990 024416 000 |
| | CSCEC US INCORPORATED | | BROOKLYN NAVY YARD DEVELOPMEN | 1991 012759 000 |
| | C SCHMIDT & SONS INC | | N Y STATE LIQUOR AUTHORITY | 1978 019624 000 |
| | C SCHMIDT & SONS INC | | N Y S LIQUOR AUTHORITY | 1980 012918 000 |
| | CSC HOLDINGS INC | | NORTH EASTERN FABRICATORS INC | 1998 121616 000 |
| | CSC HOLDINGS INC | | MICROSOFT CORP | 2005 108723 000 |
| | C S C INSURANCE | | VACONTE ANTHONY | 1994 127286 000 |
| | C S C INSURANCE | | BAFFI ANN | 1994 127286 000 |
| | C S C INSURANCE | | CORRERO RUBEN | 1994 127286 000 |
| | C S C INSURANCE | | VARGAS SONIA | 1994 127286 000 |
| | C S C INSURANCE | | SIKAURIAN TAXI INC | 1994 127286 000 |
| | C S C INSURANCE | | IBRAHIM RASHIN N | 1994 127286 000 |

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT

CSC ✓ 4

OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT I/M | PLAINTIFF | VS. | DEFENDANT | ---I N D E X--- YEAR NUMBER SEQ |
|---|---|---|---|---|
| C S | BRIDGE FUNDING INC | | DOE JANE | 2006 603768 001 |
| C S | BROOKS INC | | CORPORACION LAJAT S A DE C V | 2002 127243 000 |
| C S | BROOKS INC | | HOUSE OF LAJAT S A DE C V | 2002 127243 000 |
| C S | BROOKS INC | | GARZA LAZARO B | 2004 600612 000 |
| C S | BROWN ASSOCIATES INC | | BANCO DO BRASIL FIFTY FORTY | 1988 023275 000 |
| C S | BROWN ASSOCIATES INC | | BANCO DO BRASILE S A ET AL | 1988 025924 000 |
| C S | BROWN ASSOCIATES INC | | PROMOTION GROUP OF N Y INC ET | 1991 035128 000 |
| C S | BROWN ASSOCIATES INC | | AMCORE ASSOCIATES INC | 1993 110886 000 |
| C S | BROWN ASSOCIATES INC | | ORGEL CHARLES | 1993 110886 000 |
| C S | BROWN ASSOCIATES INC | | WEISSBERG BRUCE Z | 1993 110886 000 |
| C S | BROWN ASSOCIATES INC | | REALTY INFORMANTION TRACKING | 1993 110886 000 |
| C S | BROWN ASSOCIATES INC | | GOLDSMITH JAMES A | 1993 110886 000 |
| C S | BROWN ASSOCIATES INC | | MURPHY ROBERT | 1993 110886 000 |
| C S | BROWN PARTNERS INC | | ALFRED DUNHILL LTD | 1999 602839 000 |
| C S | BROWN PARTNERS INC | | 423 WEST 55TH STREET LLC | 2001 604228 000 |

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT

CSC

SUPREME COURT - STATE OF NEW YORK
OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT I/M | PLAINTIFF | VS. | DEFENDANT | ---I N D E X---YEAR NUMBER SEQ |
|---|---|---|---|---|
| | CAPITOL FIREPROOF STEEL | | RAYMOND INTERNATIONAL BUILDER | 1983 003662 000 |
| | CAPITOL FIRE SPRINKLER CO | | FONDA LOS MILAGROS INC | 1985 013447 000 |
| | CAPITOL FIRE SPRINKLER CO | | IS ILA REALTY CORPORATION | 1986 004783 000 |
| | CAPITOL FIRE SPRINKLER CO INC | | PARK SEEN REALTY ASSOC | 1996 603183 000 |
| | CAPITOL FIRE SPRINKLER CO INC | | BETESH LEON | 1996 603183 000 |
| | CAPITOL FIRE SPRINKLER CO INC | | COHEN MORRIS | 1996 603183 000 |
| | CAPITOL FIRE SPRINKLER CO INC | | JEHAL LAWRENCE | 1996 603183 000 |
| | CAPITOL FIRE SPRINKLER CORP | | PARK SEEN REALTY ASSOC | 1996 603183 000 |
| | CAPITOL FISHING | | CHELSEA 23RD ST CORP ET AL | 1990 003150 000. |
| | CAPITOL FUEL OIL TRANSPORTATI | | CITY OF NEW YORK | 1996 115950 000 |
| | CAPITOL FUEL OIL TRANSPORTATI | | N Y C DEPT OF GENERAL SVCS | 1996 115950 0005 |
| | CAPITOL FUEL OIL TRANSPORTATI | | GIULIANI RUDOLPH | 1996 115950 0005 |
| | CAPITOL HARDWARE MFG CO | | GIOVANE ENTERPRISES LTD | 1989 023038 0001 |
| | CAPITOL HILL GROUP | | MEDLANTIC HEALTHCARE GROUP | 1994 109566 000 |
| | CAPITOL HILL GROUP | | CAPITOL HILL HOSPITAL | 1994 109566 0002 |

F3=EXIT    F5=DISPLAY    F7=BACKWARD    F8=FORWARD    F12=EXIT MAIN    PrtScn=PRINT

Capitol Fire - π

SUPREME COURT - STATE OF NEW YORK
OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT I/M | PLAINTIFF | VS. | DEFENDANT | ---I N D E X--- |
|---|---|---|---|---|
| | | | | YEAR NUMBER SEC |
| | COMMS OF STATE INS FUND | | SHAMROCK ASBESTOS ABATEMENT | 1992 043991 000 |
| | COMMS OF STATE INS FUND | | SHAMROCK ASBESTOS ABATEMENT | 1993 407447 000 |
| | COMMS OF STATE INS FUND | | SHAMROCK AUTO PARTS INC | 1981 042743 000 |
| | ORIX CREDIT ALLIANCE INC | | SHAMROCK AUTO SALES INC ET AL | 1991 014572 000 |
| | BAGWIN BROS SERVICE CENTER IN | | SHAMROCK BROADCASTING INC | 1995 105653 000 |
| | PALERMO MICHELLE | | SHAMROCK BROADCASTING INC | 1996 106045 000 |
| | PRICE CHRISTOPHER | | SHAMROCK BROADCASTING INC | 1997 114928 000 |
| | GILBERT SEGALL & YOUNG LLP | | SHAMROCK BUILDING SVCS CORP | 1999 600300 000 |
| | MOLONEY DANIEL | | SHAMROCK BUILDING SYSTEMS INC | 2005 103822 000 |
| | TEMPEST REALTY CORP | | SHAMROCK BUILDING SYSTEMS INC | 2005 103822 000 |
| | LIFFEY VAN LINES INC | | SHAMROCK BUILDING SYSTEMS INC | 2005 103822 000 |
| | ROSE REALTY CORP | | SHAMROCK BUILDING SYSTEMS INC | 2005 103822 000 |
| | ARNOLD COLUMBUS | | SHAMROCK BUS LINE ET AL | 1983 025708 000 |
| | AFCO CREDIT CORPORATION | | SHAMROCK BUSLINES INC | 1994 134383 000 |
| | EWING LARRY | | SHAMROCK CAB CO INC ET AL | 1971 013920 000 |

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT

Shamrock -△

```
         CCOAMINI          SUPREME COURT - STATE OF NEW YORK        DATE: 03/15/2007
    INDEX NO: 103822 2005  OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY  TIME: 12:42:58
    PURCHASE: 03182005           CIVIL INDEX MINUTE BOOK INQUIRY
```

```
PLAINTIFF NAME: MOLONEY DANIEL        DEFENDANT NAME: SHAMROCK BUILDING S
       ATTORNEY: AGULNICK & GOGEL, L         ATTORNEY: UNKNOWN
                 321 BROADWAY - 6TH
                 NEW YORK, NEW YORK
                 1-212 233-9500
  SEQ  DATE              MINUTES
  0001 03182005          PETITION


  0001 07152005          ORDER IAS PART 4 SEQ 001,002 PETITION
                         HELD IN ABEYANCE PENDING HEARING

  0001 07282005          NOTICE OF ENTRY


  0001 08102005          NOTICE OF ENTRY


  0001 01132006          ORDER IAS PART 85R SEQ 03 DISPOSED OF


  0002 01132006          STIPULATION OF DISCONTINUANCE


  0001 05312006          JUDGMENT - SD 06-01-2006


  0001 06142006          NOTICE OF APPEAL #1692


  0001 06222006          NOTICE OF APPEAL #1782


  0001 07122006          APPELLATE DIVISION RECEIPTS(2)



                         PAGE -   1
```

```
CCRT155                 SUPREME COURT RECORD REVIEW
               OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
                          CIVIL INDEX INQUIRY

SELECT         PLAINTIFF          VS.      DEFENDANT              ---I N D E X---
I/M                                                              YEAR NUMBER SEQ
    DEMBER CONSTRUCTION                IN RE ARTEK GROUP LIMITED  1991 022230 000
    DEMBER CONSTRUCTION CO            RUBIN & COHEN IROWN WORKS INC 1973 014237 000
    DEMBER CONSTRUCTION CO            UNISON ELECTRIC CONTRACTING 1980 022498 000
    DEMBER CONSTRUCTION CORP         REGAL CONSTRUCTION CORP      1971 010147 000
    DEMBER CONSTRUCTION CORP         WESTMOT REALTY CORP ET AL    1972 022804 000
    DEMBER CONSTRUCTION CORP         ZINGAFELLA REALTY CORP ET AL 1973 019545 000
    DEMBER CONSTRUCTION CORP         ZINGARELL REALTY CORP        1974 011669 000
    DEMBER CONSTRUCTION CORP         J C PENNEY CO INC            1974 017499 000
    DEMBER CONSTRUCTION CORP         STATEN ISLAND MALL ET AL     1975 003413 000
    DEMBER CONSTRUCTION CORP         ABBOTT SOMMER INC            1976 004084 000
    DEMBER CONSTRUCTION CORP         EPDEY ELECTRIC INC           1976 006199 000
    DEMBER CONSTRUCTION CORP         STANLEY P MILLER ET AL       1976 012571 000
    DEMBER CONSTRUCTION CORP         E F DEY ELECTRIC INC         1977 008934 000
    DEMBER CONSTRUCTION CORP         G C OBRIEN INC ET AL         1977 016100 000
    DEMBER CONSTRUCTION CORP         INTER STEEL CORP             1977 017133 000


F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT
```

Dember-4

CCRV452 — UPROCOURT — SUPREME COURT — STATE OF NEW YORK
OFFICE OF THE COUNTY CLERK — NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT I/M | PLAINTIFF | VS. | DEFENDANT | ---I N D E X--- YEAR | NUMBER | SEC |
|---|---|---|---|---|---|---|
| | DEMBER CONSTRUCTION CORP | | TOTTENHAM REALTY CORP ET AL | 1978 | 005644 | 000 |
| | DEMBER CONSTRUCTION CORP | | JOHNSON ELECTRICAL CORP ET AL | 1979 | 013677 | 000 |
| | DEMBER CONSTRUCTION CORP | | JOHNSON ELECTRICAL CORP ET AL | 1979 | 014552 | 000 |
| | DEMBER CONSTRUCTION CORP | | UNISON ELECTRIC CONTRACTING | 1980 | 022498 | 000 |
| | DEMBER CONSTRUCTION CORP | | INRE S & A MECHANICAL CORP | 1981 | 001402 | 000 |
| | DEMBER CONSTRUCTION CORP | | S FIELDMAN LUMBER CO INC ET A | 1989 | 008928 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE POLONIA RESTORATION CO | 1989 | 023815 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE R & J CONSTRUCTION CORP | 1990 | 016250 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE MECHANICS LIE | 1990 | 028437 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE MECHANICS LIE | 1990 | 028438 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE MECHANICS LIE | 1990 | 028439 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE MECHANICS LIE | 1990 | 028440 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE LIEN | 1990 | 028562 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE R & J CONSTRUCTION CORP | 1991 | 002403 | 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE MECHANICS LIE | 1991 | 004493 | 000 |

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT

Dember—4

CCF SUPREME COURT - STATE OF NEW YORK
OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT I/M | PLAINTIFF | VS. | DEFENDANT | ---I N D E X--- YEAR NUMBER SEQ |
|---|---|---|---|---|
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE MECHANICS LIE | 1991 012253 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE MECHANICS LIE | 1991 012254 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE SYBEDON CORPORATION ETA | 1991 015289 000 |
| | DEMBER CONSTRUCTION CORP | | NEW YORK HOSTEL COMPANY ET AL | 1991 015290 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE CONFRIM AWARD | 1991 022881 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE RIVER PILE & FDN CO INC | 1991 026941 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE LIEN | 1991 030113 000 |
| | DEMBER CONSTRUCTION CORP | | IN RE DISCHARGE LIEN | 1991 030564 000 |
| | DEMBER CONSTRUCTION CORP | | ARTEK GROUP LIMITED | 1992 000487 000 |
| | DEMBER CONSTRUCTION CORP | | JACOBSON & COMPANY | 1992 004488 000 |
| | DEMBER CONSTRUCTION CORP | | STERN FIRE PROTECTION CO | 1992 004488 000 |
| | DEMBER CONSTRUCTION CORP | | NEW YORK HOSTEL CO ET AL | 1992 024222 000 |
| | DEMBER CONSTRUCTION CORP | | FINE ART CONSTRUCTION CO | 1995 118541 000 |
| | DEMBER CONSTRUCTION CORP | | ISHAK MUHAMMED | 1995 118541 000 |
| | DEMBER CONSTRUCTION CORP | | ISHAQ MOHAMED | 1995 118541 000 |

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT

Dember-π

OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT I/M | PLAINTIFF | VS. | DEFENDANT | ---I N D E X--- | | |
|---|---|---|---|---|---|---|
| | | | | YEAR | NUMBER | SEC |
| | DEMBER CONSTRUCTION CORP | | FINE ART CONSTRUCTION CO | 1995 | 118541 | 000 |
| | DEMBER CONSTRUCTION CORP | | ISHAQ MOHAMED | 1995 | 118541 | 000 |
| | DEMBER CONSTRUCTION CORP | | FINE ARTS CONSTRUCTION CO | 1995 | 118541 | 001 |
| | DEMBER CONSTRUCTION CORP | | BRYANT PARK RESTORATION CORP | 1996 | 600726 | 000 |
| | DEMBER CONSTRUCTION CORP | | 5757 ASSOCIATES | 1999 | 604882 | 000 |
| | DEMBER CONSTRUCTION CORP | | WILLIAMS REAL ESTATE CORP INC | 1999 | 604882 | 000 |
| | DEMBER CONSTRUCTION CORP | | 57 ST ASSOCIATES | 1999 | 604882 | 000 |
| | DEMBER CONSTRUCTION CORP | | STUDLEY JULIEN J | 1999 | 604882 | 000 |
| | DEMBER CONSTRUCTION CORP | | AVAMER ASSOCIATES | 1999 | 604882 | 000 |
| | DEMBER CONSTRUCTION CORP | | CARMEL ROBERT | 1999 | 604882 | 000 |
| | DEMBER CONSTRUCTION CORP | | COHEN MICHAEL T | 1999 | 604882 | 000 |
| | DEMBER CONSTRUCTION CORP | | COHEN JEROME | 1999 | 604882 | 000 |
| | DEMBER FOUNDATION INC | | IN RE DISSOLUTION | 1989 | 013608 | 000 |
| | DEMBER SEYMOUR | | 5757 ASSOCIATES | 1999 | 604882 | 000 |
| | DEMBERT BARBARA J | | PERCY DEMBERT | 1985 | 073394 | 000 |

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT

Dembo - 41

SUPREME COURT - STATE OF NEW YORK
OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT I/M | PLAINTIFF | VS. | DEFENDANT | YEAR | NUMBER | SEQ |
|---|---|---|---|---|---|---|
| | TAILLON EVA J | | A C & S INC | 2002 | 114319 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114320 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114321 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114322 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114323 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114324 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114325 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114326 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114327 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114328 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114329 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114330 | 013 |
| | TAILLON EVA J | | A C & S INC | 2002 | 114331 | 013 |
| | TAILORED FABRICS INC | | HALPERIN KNITTING MILLS ET AL | 1973 | 019093 | 000 |
| | TAILORED FABRICS INC | | MARYLAND INSURANCE GROUP | 1996 | 602964 | 000 |

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT

```
CCBCVIS           SUPREME COURT - NEW YORK COUNTY
              OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
                       CIVIL INDEX INQUIRY

SELECT       PLAINTIFF        VS.        DEFENDANT              ---I N D E X---
I/M                                                            YEAR NUMBER SEQ
   TAILORED TECHNOLOGIES LLC      ON THE AVE HOTEL             2003 600171 000
   TAILOR NAGARJI K               HABIB AMERICAN BANK          1995 128737 000
   TAILOR SARAH                   KELLY RAYMOND                2004 112673 130
   TAILORS INCORPORATED           EDWARD RIMBERG               1985 025464 000
   TAILOR & TAILOR CLEANERS       ABILEME INC                  2004 111534 000
   TAI LOY CORP                   TREIBER TAMAR                2002 114736 000
   TAI LOY CORP                   DOE JOHN                     2002 114736 000
   TAI LOY CORP                   DOE JANE                     2002 114736 000
   TAI LUM TRADING INC            HONG KONG TV VIDEO PROGRAMS  1986 029083 000
   TAI LUM TRADING INC            PO YUEN                      1988 001348 000
   TAI LUM TRADING INC            PO YUEN                      1988 014359 000
   TAIL WIND FUND LTD             LINK TWO COMMUNICATIONS INC  2004 601960 000
   TAIL WIND FUND LTD             EAGLE BROADBAND INC          2004 601960 000
   TAIMAN LEON                    TAIMAN MARIA H O             2001 350638 000
   TAI MAN T                      HUI WAI L                    1999 301191 000


F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT
```

Tailored Roofing

CMD:

OFFICE OF COURT ADMINISTRATION
CIVIL CASE INFORMATION SYSTEM
NWYK - CASE SEARCH

| NUM | PLAINTIFF | DEFENDANT | JUSTICE | CALENDAR NO. | INDEX NO. |
|---|---|---|---|---|---|
| 01D | MOLONEY, DANIEL | SHAMROCK BUILDING | PAYNE | | 103822/200 |
| 02D | RUFINO, FRED | SHAMROCK MOBILE UN | SAXE | | 025029/198 |
| 03D | WHITESIDE, SACHIKO | SHAMROCK STABLES, | LOBIS | | 021327/198 |
| 04D | PALERMO, THERESA | SHAMROCK STABLES, | COHEN | | 116666/199 |
| 05D | SIEGFRIED, ANDREW | SHAMRZAE, ALI | LOWE | | 117101/199 |
| 06D | CHIN, WING FON | SHAMS FASHIONS, IN | FINGERHOO | | 011805/1992 |
| 07D | CHIN, WING FONG | SHAMS FASHIONS, IN | EVANS | | 031541/1992 |
| 08D | MERRILL LYNCH, PIE | SHAMS, FARID | ALTMAN | | 031421/1992 |
| 09D | SHAMS, SANDRA | SHAMS, IMRAN | | 2003U-12555 | 312725/2003 |
| 10D | SHAMS, MONTASAR M | SHAMS, NUNMATIE | | 1998U-01909 | 301227/1998 |
| 11D | GLOBUS, DAVID | SHAMSAVARI, SCHERA | HUFF | | 012532/1989 |
| 12D | ELGHANYAN,KARMEL | SHAMSAVARI,SCHEHER | KLEIN | | 028496/1985 |
| 13D | COUNTRY WIDE INS. | SHAMSHOVICH, MARIA | LOWE | | 120022/1997 |
| 14D | CITY OF NEW YORK | SHAMSI, ABDUL H. | FRIEDMAN | | 400980/1999 |
| 15D | MCCULLOCH, MARGARE | SHAMSI, ABDUL MALI | SHERMAN | | 023146/1986 |
| 16D | SHAMSI, ZAFAR | SHAMSI, BRENDA | | 1987U-04139 | 064135/1987 |
| 17D | FULWOOD, LYNDA | SHAMSI, SAYED HAID | SHERMAN | 1991L-05504 | 006524/1989 |
| 18D | MCCULLOCH, MARGARE | SHAMSI,ABDUL MALIK | TYLER | | 028099/1986 |
| 19D | SACK, IAN | SHAMSID-DEEM, ABDU | YORK | | 116877/2000 |

Shamrock

OFFICE OF COURT ADMINISTRATION
CIVIL CASE INFORMATION SYSTEM
NWYK - CASE SEARCH

CMD:

| NUM | PLAINTIFF | DEFENDANT | JUSTICE | CALENDAR NO. | INDEX NO. |
|-----|-----------|-----------|---------|--------------|-----------|
| 01D | SIEGFRIED, ANDREW | SHAMRZAE, ALI | LOWE | | 117101/1997 |
| 02D | CHIN, WING FON | SHAMS FASHIONS, IN | FINGERHOO | | 011805/1992 |
| 03D | CHIN, WING FONG | SHAMS FASHIONS, IN | EVANS | | 031541/1992 |
| 04D | MERRILL LYNCH, PIE | SHAMS, FARID | ALTMAN | | 031421/1992 |
| 05D | SHAMS, SANDRA | SHAMS, IMRAN | | 2003U-12555 | 312725/2003 |
| 06D | SHAMS, MONTASAR M | SHAMS, NUNMATIE | | 1998U-01909 | 301227/1998 |
| 07D | GLOBUS, DAVID | SHAMSAVARI, SCHERA | HUFF | | 012532/1989 |
| 08D | ELGHANYAN,KARMEL | SHAMSAVARI,SCHEHER | KLEIN | | 028496/1985 |
| 09D | COUNTRY WIDE INS. | SHAMSHOVICH, MARIA | LOWE | | 120022/1997 |
| 10D | CITY OF NEW YORK | SHAMSI, ABDUL H. | FRIEDMAN | | 400980/1999 |
| 11D | MCCULLOCH, MARGARE | SHAMSI, ABDUL MALI | SHERMAN | | 023146/1986 |
| 12D | SHAMSI, ZAFAR | SHAMSI, BRENDA | | 1987U-04139 | 064135/1987 |
| 13D | FULWOOD, LYNDA | SHAMSI, SAYED HAID | SHERMAN | 1991L-05504 | 006524/1989 |
| 14D | MCCULLOCH, MARGARE | SHAMSI,ABDUL MALIK | TYLER | | 028099/1986 |
| 15D | SACK, IAN | SHAMSID-DEEM, ABDU | YORK | | 116877/2000 |
| 16D | KING, SAM | SHAMSID-DEEN, KARI | LEHNER | | 006465/1991 |
| 17D | NEW YORK CITY POLI | SHAMSID-DEEN, RASH | BRAUN | | 401918/1998 |
| 18 | SHAMSKY, ARTHUR L. | SHAMSKY, KIM L. VA | LOBIS | 2006E-00433 | 350019/2006 |
| 19D | SHAMSUDDIN, BRIGIT | SHAMSUDDIN, MOHAMM | | 2004U-04251 | 304049/2004 |

Shamrock Building System

CMD:
CIVIL CASE INFORMATION SYSTEM
NWYK - CASE SEARCH

| NUM | PLAINTIFF | DEFENDANT | JUSTICE | CALENDAR NO. | INDEX NO. |
|-----|-----------|-----------|---------|--------------|-----------|
| 01 | BILL BLASS INTERNA | ROSE GROUP OF NEW | FRIED | 2006L-04811 | 603791/2005 |
| 02D | SUZY'S FOOD | ROSE HILL | DE GRASSE | | 107746/1998 |
| 03D | SEBAH, PATRICK JAC | ROSE HILL AUCTION | TOLUB | | 600036/2003 |
| 04D | CAMPIONE, JOHN | ROSE HILL PROPERTY | STECHER | 1987E-00159 | 003973/1985 |
| 05D | WACHER, STEVEN | ROSE HILL PROPERTY | DAVIS | | 007181/1989 |
| 06D | PRODEX, N.V. | ROSE HILL PROPERTY | EDMEAD | | 109352/2003 |
| 07D | COLUMBIA RESEARCH | ROSE HILL PROPERTY | SANTAELLA | | 016048/1988 |
| 08D | CAMPIONE, JOHN | ROSE HILL PROPERTY | SHAINSWIT | 1997L-00313 | 018870/1992 |
| 09D | GAWLEY, WILLIAM J. | ROSE HILL PROPERTY | CIPARICK | | 021177/1991 |
| 10D | WORLD TRAVEL SPECI | ROSE HILL PROPERTY | CAHN | | 104471/1994 |
| 11D | SLADE, MELISSA | ROSE HILL PROPERTY | DE GRASSE | | 004276/1991 |
| 12D | PEKING ART IMPORTE | ROSE HOUSE OF CARP | ALTMAN | | 114878/1993 |
| 13D | ROSE, FUMIKO S. | ROSE JR., RONALD D | | 2001U-03670 | 303429/2001 |
| 14D | CITIBANK NA | ROSE LOUIS | GAMMERMAN | | 102960/1994 |
| 15D | HEIDRICK & STRUGGL | ROSE MANAGEMENT, I | LEBEDEFF | | 114036/1995 |
| 16D | ROMNEY, EDGAR | ROSE MARE REID, IN | COLLAZO | | 110138/1994 |
| 17D | ROSE, ARTHUR | ROSE MICHAEL | GAMMERMAN | | 090021/1991 |
| 18D | STOPNIK, BURTON | ROSE NEDERLANDER | TOMPKINS | 1999L-03777 | 112912/1996 |
| 19D | MOINIAN, JOSEPH | ROSE NEDERLANDER A | CAHN | | 602232/1999 |

OFFICE OF COURT ADMINISTRATION
CIVIL CASE INFORMATION SYSTEM
NWYK - CASE SEARCH

CMD:

| NUM | PLAINTIFF | DEFENDANT | JUSTICE | CALENDAR NO. | INDEX NO. |
|-----|-----------|-----------|---------|--------------|-----------|
| 01 | GLOBAL ASSET MANAG | ROSE REALTY | MOSKOWITZ | | 600003/2006 |
| 02D | STANLEY, CORA | ROSE REALTY CORP. | GOODMAN | | 105700/1998 |
| 03D | 127 RESTAURANT | ROSE REALTY GROUP | MADDEN | 2003L-00193 | 603653/2001 |
| 04D | CHIN, WING FONG | ROSE RIDGE FASHION | TYLER | | 019232/1986 |
| 05D | ALITALIA-LINEE AER | ROSE ROBERTS TRAVE | SHAINSWIT | | 011987/1989 |
| 06D | TRANSPORTATION INS | ROSE TRUCKING | LOWE-DCM | | 116895/2000 |
| 07D | FOSTER, EVELYN | ROSE TRUCKING CORP | TOMPKINS | | 102796/1998 |
| 08D | WELGOSS, JOHN | ROSE 29, LLC. | KAPNICK | 2002L-02285 | 106856/2001 |
| 09D | BATAN ENTP.,INC. | ROSE-DORCOR 61 ASS | GLEN | | 006070/1986 |
| 10D | BARTHELEMY, REYNAL | ROSE-DURAND, MARGA | | 2006U-08245 | 305123/2006 |
| 11D | ROSE, JESSICA | ROSE, AARON | SILBERMAN | | 310208/1994 |
| 12D | ROSE, PATRICIA | ROSE, AL G | | 2003U-10379 | 306953/2003 |
| 13D | ROSE, MICHAEL | ROSE, ALEJANDRINA | | 1996U-01724 | 301106/1996 |
| 14D | HASKINS, MALACHI | ROSE, ALLAN V. | LOBIS | 1992L-06246 | 022622/1991 |
| 15D | DUANE READE | ROSE, ALLEN V. | JAMES | | 600137/2004 |
| 16D | CONTINENTAL CASUAL | ROSE, ANDREW | MILLER | 1993L-00917 | 034043/1991 |
| 17 | ART CAPITAL GROUP, | ROSE, ANDREW C. | LOWE | | 601389/2005E |
| 18D | ROSE, FAYE D | ROSE, ANDREW M | | 2003U-05035 | 318204/2002 |
| 19D | ROSE, ALVIN H | ROSE, ANGELA L | | 2004U-08982 | 313688/2003 |

Rose

OFFICE OF COURT ADMINISTRATION
CIVIL CASE INFORMATION SYSTEM
NWYK - CASE SEARCH

CMD:

| NUM | PLAINTIFF | DEFENDANT | JUSTICE | CALENDAR NO. | INDEX NO. |
|---|---|---|---|---|---|
| 01D | CAPITO JR., MARCEL | CAPITO, DEBORAH | | U71060 | 060631/1986 |
| 02D | MILLER, DONNA | CAPITOL AIR | WRIGHT | | 029480/1983 |
| 03D | UNITED STATES UNDE | CAPITOL BUILDING & | DE GRASSE | | 602741/2002 |
| 04D | GECSEDI, THOMAS | CAPITOL BUILDING L | SCHLESING | | 102220/2000 |
| 05D | SANTOS, LISETTE | CAPITOL BUILDING S | TOLUB | 2003L-01769 | 119937/2001 |
| 06D | LEE EXPEDITIONS, L | CAPITOL CABINET CO | TOMPKINS | | 007551/1990 |
| 07D | GREENWALD, LAWRENC | CAPITOL COIN & STA | WILK | 77891 | 006029/1984 |
| 08D | HALL OF FAME MARIN | CAPITOL DIESEL, IN | DIAMOND | | 600828/2004 |
| 09D | WINE, LIQUOR & DIS | CAPITOL DISTRIBUTO | RYP | | 011864/1988 |
| 10D | COMMSRS. OF THE ST | CAPITOL DISTRIBUTO | CRANE | | 040780/1992 |
| 11D | DAWSON,ROSETTA | CAPITOL ENTERPRISE | STECHER | | 025648/1985 |
| 12D | BROADCAST MUSIC IN | CAPITOL EQUITIES C | FINGERHOO | | 031502/1991 |
| 13D | ATLANTIC MUTUAL IN | CAPITOL FIRE SPRIN | YORK | | 601721/2002 |
| 14D | FANTAUZI, RAMON VE | CAPITOL HALL | MILLER | | 130117/1995 |
| 15D | MARTE, CARMEN | CAPITOL HOLDING | MOSKOWITZ | 1987L-02435 | 092361/1983 |
| 16D | IMPERIAL INS. CO. | CAPITOL INDEMNITY | LEHNER | | 040282/1978 |
| 17D | AGENCY MANAGERS, I | CAPITOL INDEMNITY | WRIGHT | | 011000/1985 |
| 18D | GOLDMAN,SHIRLEY | CAPITOL INTERNATIO | TYLER | | 004575/1979 |
| 19D | CORSENTINO, FLOR | CAPITOL LIFE INSUR | GREENFIEL | 84601 | 019327/1980 |

Capitol Fire

```
            OFFICE OF COURT ADMINISTRATION
CMD:          CIVIL CASE INFORMATION SYSTEM
                   NWYK - CASE SEARCH
NUM    PLAINTIFF              DEFENDANT           JUSTICE       CALENDAR NO.   INDEX NO.
01D    TAI, HWA LIN          TAI, YUEH HSIANG                   2001U-09177   309765/2001
02D    KUI, TAI SANG         TAI, YUK LAN                       1991U-03199   063202/1991
03D    TAIAE, AHMED          TAIAE, CHARLOTTE R                 2003U-05640   303694/2003
04D    KUMAR, SAMPATH        TAIB BANK           HEITLER        1998L-05579   122807/1995
05D    PAPA, JULIET          TAIBBI, MICHAEL                    1997U-10679   308005/1997
06D    TAIBI, EDDIE          TAIBI, MARIA                       1991U-00232   060238/1991
07D    MEAUSOONE, JEAN-PA    TAIC, CHANTAL       TINGLING       2005L-00712   109955/2003
08D    ARLIT FLUSHING ASS    TAIC, LOUIS         SCHACKMAN      1991L-04527   025702/1988
09D    SOLOW MANAGEMENT      TAIC, LOUIS         COLLAZO        1994L-01842   027961/1991
10D    MIZRAHI, SHULAMAIT    TAIC, LOUIS         WEISSBERG      1998L-00953   101397/1997
11D    TAIC, CHANTAL         TAIC, LOUIS                        2004U-03171   302362/2004
12D    REGENT CORP.          TAIDEX CORP.        ARBER                        016308/1988
13D    KRAC, ANAT            TAIEB, GADI                        2004U-03258   315263/2003
14D    BURKHART, BRAD        TAIEB, WALTER       ARBER                        600098/1996
15D    CHERNYAKHOVSKAYA,     TAIHAN SUGAR        MCALLISTE      1997L-08567   104771/1996
16D    HAMCZYK, WALTER       TAIKU COMPANY       RAMOS          1988L-02697   019483/1986
17D    CARBONE, PATRICIA     TAILOGIANNIS, GEOR  GANS           1993L-06227   011667/1990
18D    COMMERCIAL CREDIT     TAILORCRAFT MFG. C  EDWARDS,                     018318/1984
19D    KNIGHT INDUSTRIES,    TAILORED FABRICS,   TOMPKINS                     112792/1996
```

Tailored Roofing

SUPREME COURT - STATE OF NEW YORK
OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY
CIVIL INDEX INQUIRY

| SELECT I/M | PLAINTIFF | VS. | DEFENDANT | ---I N D E X--- YEAR NUMBER SEQ |
|---|---|---|---|---|
| | SHAMROCK BUILDING SYSTEMS INC | | ROSE REALTY CORP | 2007 101628 000 |
| | SHAMROCK BUILDING SYSTEMS INC | | TEMPEST REALTY CORP | 2007 101628 000 |
| | SHAMROCK BUILDING SYSTEMS INC | | LIFFEY VAN LINES INC | 2007 101628 000 |
| | SHAMROCK BUILDING SYSTEMS INC | | ALLIED VAN LINES | 2007 101628 000 |
| | M & T BANK | | OBAYEMI ADE | 2007 101629 000 |
| | M & T BANK | | 608 WEST 130 ST LLC | 2007 101629 000 |
| | M & T BANK | | LEVI LARRY | 2007 101629 000 |
| | M & T BANK | | NYC ENVIROMENTAL CONTROL BOAR | 2007 101629 000 |
| | M & T BANK | | NYC PARKING VILOATIONS BUREAU | 2007 101629 000 |
| | M & T BANK | | NYC TRANSIT ADJUDICATION BURE | 2007 101629 000 |
| | M & T BANK | | COOKSEY EDWIN W | 2007 101629 000 |
| | M & T BANK | | COOKSEY EDWIN V | 2007 101629 000 |
| | M & T BANK | | TRUSTEE FBC EDWIN COOKSEY | 2007 101629 000 |
| | M & T BANK | | WGGB ACF EDWIN COOKSEY IRA | 2007 101629 001 |
| | M & T BANK | | NORTHERN TRUST BANK OF FLA | 2007 101629 001 |

F3=EXIT   F5=DISPLAY   F7=BACKWARD   F8=FORWARD   F12=EXIT MAIN   PrtScn=PRINT